890 F.2d 625
 David CLARK
v.
TOWNSHIP OF FALLS and James Kettler, Individually and as
Chief of Police of the Township of Falls, and Charles
Chimera, Individually and as Former Supervisor, Chairman of
the Board of the Township of Falls, and August Baur,
Individually and as Township Manager of the Township of Falls.
Appeal of TOWNSHIP OF FALLS and James Kettler, Individually
and as Chief of Police of the Township of Falls, and Charles
Chimera, Individually and as Former Supervisor, Chairman of
the Board of the Township of Falls.
David CLARK, Appellant,
v.
TOWNSHIP OF FALLS and James Kettler, Individually and as
Chief of Police of the Township of Falls, and Charles
Chimera, Individually and as Former Supervisor, Chairman of
the Board of the Township of Falls, and August Baur,
Individually and as Township Manager of the Township of Falls,
Township of Falls and James Kettler, Individually and as
Chief of Police of the Township of Falls, and Charles
Chimera, Individually and as Former Supervisor, Chairman of
the Board of the Township of Falls, Appellees.
 Nos. 89-1352, 89-1378.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 2, 1989.
Decided Nov. 22, 1989.
 
 Robert O. Baldi (argued), Baldi & Cepparulo, P.C., New Hope, Pa., for appellant, David Clark.
 Kenneth L. Oliver, Jr. (argued), Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for appellees/cross-appellants, Tp. of Falls, James Kettler and Charles Chimera.
 Before GIBBONS, Chief Judge, and SLOVITER and GREENBERG, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 This appeal presents the question whether an attorney may be entitled to an award of attorney's fees under 42 U.S.C. Sec. 1988 when we have reversed the jury verdict in favor of the plaintiff but the plaintiff claims he achieved one of the benefits he sought by the litigation through a post-trial out-of-court settlement of one issue. Appellant/cross-appellee David Clark brought suit under 42 U.S.C. Sec. 1983 claiming that the appellees/cross-appellants, James Kettler, Charles Chimera, and the Township of Falls, had violated his rights under the Constitution and state law. A jury found in favor of Clark on most claims and awarded him compensatory and punitive damages totaling $110,000. The district court awarded Clark attorney's fees of $34,821.38 and costs of $5,215.07, which represented a substantial reduction in the amount of fees Clark had requested.
 
 
 2
 Clark has appealed the reduction of fees, contending that the district court erred or abused its discretion in reducing his attorney's hourly rate, in cutting the number of hours reimbursed, and in failing to provide the attorney with a sufficient opportunity to provide relevant information to rebut defendants' objections. In light of our opinion filed today holding that none of Clark's constitutional and state claims can be sustained, see Clark v. Township of Falls, 890 F.2d 611 (3d Cir. 1989), we need not consider Clark's claims of error in setting the attorney's fee. In general, when a judgment in favor of a plaintiff is reversed on the merits, that party is no longer a "prevailing party" under 42 U.S.C. Sec. 1988 and no longer entitled to attorney's fees under that statute. See Rinker v. Napa County, 831 F.2d 829, 832 (9th Cir.1987); Turner v. McMahon, 830 F.2d 1003, 1009 (9th Cir.1987), cert. denied, --- U.S. ----, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988).
 
 
 3
 In his reply brief Clark argues that even if the judgment in his favor were reversed, he is still a prevailing party and entitled to at least some portion of the fees awarded because he received much of the benefit he sought in bringing suit. Parties are considered to be prevailing when they have succeeded on "any significant issue in the litigation which achieve[d] some of the benefit the parties sought in bringing suit." Texas State Teachers v. Garland Indep. School Dist., --- U.S. ----, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)). Applying this language, we have held that the party seeking fees must prove a causal connection between the litigation and the benefit obtained. Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 910 (3d Cir.1985). The termination of a claim by an out-of-court settlement does not necessarily preclude the finding of a causal relationship. See Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); Ashley v. Atlantic Richfield Co., 794 F.2d 128, 131 (3d Cir.1986); Disabled in Action of Pa. v. Pierce, 789 F.2d 1016, 1019 (3d Cir.1986).
 
 
 4
 Clark argues he can be considered as prevailing because after the jury rendered a verdict in his favor he moved for injunctive relief requesting that the Township be required to implement a grievance procedure through which Clark and other employees could demand a public name-clearing hearing. When the Township agreed to implement a name-clearing procedure, the parties informed the district court that the matter had been resolved and agreed to a dismissal of the motion as moot.
 
 
 5
 Because the parties could not anticipate our reversal of Clark's verdict on all claims, on appeal of the attorney's fee award the defendants have not focused on Clark's contention that he may be viewed as prevailing despite the reversal. There is some precedent in this court which may be read to support Clark's claim. In Ross v. Horn, 598 F.2d 1312 (3d Cir.1979), cert. denied, 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980), plaintiffs were unsuccessful in the district court on all of their challenges to New Jersey's procedures for processing suspected unemployment fraud. However, after plaintiffs filed their suit, the state implemented new procedures which, although not entirely satisfactory to the plaintiffs, were preferable to the challenged procedures. We refused to give conclusive weight to the form of the judgment and stated that the court must look instead to the practical outcome of the litigation. Id. at 1322. We held that if plaintiffs could establish that their suit was the catalyst for the changes, they were entitled to prevailing party status despite the fact that the district court had ruled against them.
 
 
 6
 Ross, of course, was decided before the more recent cases of the Supreme Court shedding additional light on the definition of a prevailing party. See, e.g., Texas State, 109 S.Ct. 1486; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); see also Hewitt v. Helms, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (prisoners not prevailing parties where prison changed challenged regulations only after prisoners were no longer incarcerated and where court of appeals' holding of due process violations had no practical effect in light of district court's subsequent determination that the defendants were qualifiedly immune). We do not read these cases as eviscerating our holding in Ross.
 
 
 7
 In light of Ross, we are unwilling to pretermit Clark's opportunity to demonstrate to the trial court that he should be viewed as partially prevailing. That court has not addressed this issue. On remand, it will first have to determine whether Clark's success in obtaining a name-clearing procedure meets the "statutory threshold" of significance and causation. Hensley, 461 U.S. at 433, 103 S.Ct. at 1939.
 
 
 8
 The inquiry into "significance" is not merely whether Clark's reputation claim was a significant issue in the litigation, but also whether the benefit obtained was significant. See Texas State, 109 S.Ct. at 1493. This entails, but is not limited to, a consideration of the binding nature of the township's agreement. "[A]t a minimum, to be considered a prevailing party within the meaning of Sec. 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. Beyond this absolute limitation, a technical victory may be so insignificant ... as to be insufficient to support prevailing party status." Id. (citations omitted). In making the determination of significance, the district court may also want to consider whether Clark's situation is in fact analogous to that of the plaintiffs in Ross, where we noted that the new procedures instituted "provided much of the relief [plaintiffs] had initially sought," Ross, 598 F.2d at 1322, and the extent to which the request for this aspect of injunctive relief was at issue notwithstanding Clark's failure to specifically mention a name-clearing hearing among the various types of injunctive relief he requested in his complaint.[1]
 
 
 9
 If the inquiry proceeds to the issue whether there was a causal relationship between the litigation and the benefit obtained, the court should consider if Clark's post-trial motion prompted the implementation of the name-clearing procedure and whether Clark's pursuit of the underlying reputation claim caused the Township to agree to the injunctive relief.
 
 
 10
 Only if the trial court determines that success on the name-clearing hearing meets the significance and causation criteria need the court determine whether the fees sought are reasonable. See Hensley, 461 U.S. at 433, 103 S.Ct. at 1939. That entails consideration of the degree of Clark's success, whether Clark is entitled only to fees and costs incurred in relation to the motion for injunctive relief or whether he is also entitled to fees and costs for some of the litigation of the underlying reputation claim, and whether the fees and costs assessed can be charged only to the Township or whether the other defendants can also be required to contribute. On remand, all parties will have an opportunity to present the district court with additional argument and, if relevant, evidence before the district court makes a new determination on Clark's request for attorney's fees.
 
 
 11
 For the reasons set forth above, the judgment of the district court will be vacated and the case remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 In this connection, we note that in Count IV of his complaint Clark stated that as a result of defendants' actions, he "has not and will not be able to obtain a true and meaningful name-clearing, in violation of the due process clause...."