_____

Nos. 96-1137/1206
_____

Lawrence L. Pedigo,                    *
                                       *  Appeals from the United States
     Appellant/Cross-Appellee,         *  District Court for the Western
                                       *  District of Arkansas.
     v.                                *
                                       *
P.A.M. Transport, Inc.,                *
                                       *
     Appellee/Cross-Appellant.         *


_____

Submitted: September 9, 1996

Filed: October 21, 1996
_____

Before McMILLIAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In this appeal and cross-appeal from an award of attorney's fees, defendant argues that plaintiff was not a "prevailing party" so as to be entitled to attorney's fees. We agree and therefore reverse.


I.

Plaintiff complained that he had been discriminated against in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and at trial a jury found in his favor. Defendant appealed and we vacated the judgment because the jury instructions improperly permitted recovery of compensatory damages in a mixed-motive case. Pedigo v. P.A.M. Transport, Inc., 60 F.3d 1300 (8th Cir. 1995). On remand, the district court held that plaintiff was entitled to relief solely in the form of a declaration that

defendant had intentionally violated the ADA.

While the judgment was on appeal, the district court awarded plaintiff $30,000 in attorney's fees as the prevailing party. After remand, and after the district court granted the declaratory judgment as the sole relief to which plaintiff was entitled, plaintiff asked the district court to grant additional attorney's fees. The district court, despite entertaining some doubts on the matter, found that the plaintiff was a prevailing party in the litigation, but concluded that it would grant no attorney's fees in addition to the $30,000 that it had already awarded. An award of additional fees was unwarranted, in the district court's opinion, because, since the prior award, the plaintiff had suffered a setback on appeal and had not been substantially benefitted by the declaratory relief on remand.

Both parties appeal from the district court's determination of attorney's fees. Plaintiff contends that the district court should have granted additional fees for plaintiff's efforts following remand of the case. Defendant cross-appeals from the same decision to the extent that it confirms the prior award of $30,000 in fees to plaintiff, arguing that plaintiff is not a prevailing party in this lawsuit and deserves no fees whatsoever.

II.

The ADA provides that a court, in its discretion, may allow the prevailing party a reasonable attorney's fee. 42 U.S.C. § 12205. The term "prevailing party" appears in a number of other statutes that permit the recovery of attorney's fees, see, e.g., 42 U.S.C. § 1988, and cases analyzing those statutes therefore provide us with guidance in the present case. To qualify as a prevailing party under section 1988, a plaintiff must obtain relief on the merits that directly benefits him or her through an enforceable judgment, or a plaintiff must obtain comparable relief through a consent decree or settlement. Farrar v. Hobby, 506 U.S. 103, 111

(1992). A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 506 U.S. at 111-112. But "a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party." Id. at 112.

The district court erred in finding that plaintiff was a prevailing party, because a judicial pronouncement that the defendant has violated the law, like the one that Mr. Pedigo received in this case, without an enforceable judgment on the merits, cannot render him a prevailing party. Plaintiff has no enforceable judgment, even of a nominal character, that affects the behavior of the defendant toward the plaintiff. The declaratory judgment, in this case, moreover, afforded plaintiff no relief because he had already left the defendant's employ by the time that the district court declared that the defendant had discriminated against him. See Rhodes v. Stewart, 488 U.S. 1 (1988) (per curiam).

Although plaintiff had been awarded $30,000 in fees before we vacated the jury verdict, the prior award cannot stand in light of our holding that plaintiff is not a prevailing party. In general, reversal of a judgment nullifies not only that judgment but any order based upon it. Harris v. Pirch, 677 F.2d 681, 689 (8th Cir. 1982). In particular, an order awarding attorney's fees based on a party having prevailed in a trial court cannot survive the reversal of that party's judgment on appeal. See id.; see also Clark v. Township of Falls, 890 F.2d 625, 626-27 (3d Cir. 1989); Swietlowich v. County of Bucks, 620 F.2d 33, 34-35 (3d Cir. 1980) (per curiam). Mr. Pedigo ceased to be a prevailing party when his judgment was vacated and the case was remanded, and he never subsequently prevailed in this suit in such a way as would allow

the district court to hold that he was a prevailing party on the merits. Plaintiff is thus not entitled to any recover attorney's fees.

                                III.

For the foregoing reasons, the district court's order awarding attorney's fees is reversed.


A true copy.


Attest:


        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.