No. 96-1902

Edward Leo Pottgen,               *
                                    *
        Appellee,          *
                                    *
     v.                    *
                                    *
The Missouri State High School   *
Activities Association,       *
                                    *
        Appellant.        *

No. 96-2017

|  |  |
|---|---|
|  | Appeals from the United States |
|  | District Court for the |
|  | Eastern District of Missouri. |

Edward Leo Pottgen,               *
                                    *
        Appellant,        *
                                    *
     v.                    *
                                    *
The Missouri State High School   *
Activities Association,       *
                                    *
        Appellee.        *

Submitted:  November 18, 1996

Filed:  January 10, 1997

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and LONGSTAFF,[1] District Judge.

---

[1]THE HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, sitting by designation.

MAGILL, Circuit Judge.

Edward Pottgen brought an action against the Missouri State High School Activities Association (MSHSAA) after MSHSAA refused to allow him to participate in interscholastic athletics at the high school level. The district court granted Pottgen preliminary injunctive relief, but this Court reversed. The district court consequently rescinded the injunctive relief and dismissed Pottgen's complaint with prejudice. The district court nevertheless granted Pottgen's postdismissal motion for attorney's fees and expenses under 42 U.S.C. § 12205 (1994), 29 U.S.C. § 794a(b) (1994), and 42 U.S.C. § 1988 (1994). MSHSAA appeals, and Pottgen cross-appeals. Because Pottgen is not a prevailing party, we reverse.

**I.**

Edward Pottgen, a high school senior, brought an action against MSHSAA on March 23, 1994, after MSHSAA refused to allow him to participate in interscholastic athletics during the 1993-1994 school year. MSHSAA refused to allow him to participate because its By-Law 232 essentially provides that students nineteen years of age or older are ineligible to participate in interscholastic sports. Pottgen was nineteen years old at that time.

Pottgen contended that MSHSAA's decision violated his rights under (1) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (1994) (the ADA); (2) § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1994) (the Rehabilitation Act); and (3) 42 U.S.C. § 1983 (1994). Pottgen had been held back for two years because of a learning disability; as a result, he was too old to play baseball under MSHSAA's By-Law 232.

On March 23, 1994, the district court granted Pottgen a temporary restraining order (TRO) permitting him to play for his

-2-

high school baseball team. On March 31, 1994, the district court extended the TRO until a hearing on the merits of Pottgen's motion for a preliminary injunction could be held. Following a two-day hearing on April 18 and 19, 1994, the district court denied MSHSAA's motion to dismiss and granted preliminary injunctive relief to Pottgen on the merits. See Pottgen v. Missouri State High Sch. Activities Ass'n, 857 F. Supp. 654, 665 (E.D. Mo. 1994). The district court enjoined MSHSAA from (1) preventing Pottgen from competing in any of his high school's baseball games; and (2) imposing any penalty, discipline, or sanction on any school for which or against which Pottgen competed. Id. at 666.

MSHSAA appealed the district court's decision. However, by the time the case was heard on appeal, Pottgen's senior-year baseball season had already ended. Pottgen had been able to compete in three games under the TRO and to finish the season under the preliminary injunction. This Court nonetheless heard the appeal, concluding that, although "the portion of the injunction permitting him to play is moot[,] . . . a live controversy still exists regarding the portion of the injunction which prohibits MSHSAA from imposing sanctions upon a high school for whom or against whom Pottgen played." Pottgen v. Missouri State High Sch. Activities Ass'n, 40 F.3d 926, 928 (8th Cir. 1994).

On appeal, this Court found that Pottgen was not an aggrieved party under the ADA, the Rehabilitation Act, or § 1983. Id. at 929. We therefore reversed the district court's decision granting a preliminary injunction and batted the case back to the district court for further proceedings consistent with our holding. Id. at 931.

Pursuant to this Court's decision, the district court entered an order rescinding all injunctive relief. Order at 2 (Feb. 23, 1995), reprinted in J.A. at 59. The district court subsequently dismissed Pottgen's complaint with prejudice after concluding that

"it appears beyond doubt plaintiff can prove no set of facts which would entitle him to relief . . . ." Mem. & Order at 4 (May 3, 1995). Pottgen then filed a postdismissal motion for attorney's fees and expenses. Though the district court reduced Pottgen's request by 50%, the court granted Pottgen's motion, awarding him attorney's fees in the amount of $8,415.50 plus litigation expenses in the amount of $719.79 under 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), and 42 U.S.C. § 1988. Mem. Op. at 11 (Mar. 1, 1996). The district court awarded attorney's fees to Pottgen as a prevailing party because Pottgen had been able to play baseball under the district court's grant of a TRO and a preliminary injunction. Id. at 5-6.

MSHSAA appeals the award of attorney's fees and litigation expenses. Pottgen cross-appeals, arguing that the district court should not have reduced its attorney's fees award by 50%.[2]

## II.

To be entitled to attorney's fees and litigation costs under § 12205, § 794a(b), and § 1988, Pottgen must be a "prevailing party." See, e.g., Farrar v. Hobby, 506 U.S. 103, 109 (1992) (party must be a prevailing party to qualify for attorney's fees under § 1988). This Court reviews the district court's determination of prevailing party status de novo. See St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, 96 F.3d 323, 330 (8th Cir. 1996).

In Farrar, the Supreme Court set forth the framework for determining whether a civil rights plaintiff is a prevailing party under 42 U.S.C. § 1988 for purposes of awarding attorney's fees.

---

[2]Because we decide today that Pottgen is not entitled to any attorney's fees or litigation costs, Pottgen's cross-appeal is moot. We accordingly decline to address this issue.

The Court held:

> [T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement. . . . In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Id. at 111-12 (citations omitted); see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989); Hewitt v. Helms, 482 U.S. 755, 759-60 (1987); Kentucky v. Graham, 473 U.S. 159, 165 (1985); Hanrahan v. Hampton, 446 U.S. 754, 758 (1980) (per curiam). We hold that the same framework applies to determinations of prevailing party status under 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b). See Pedigo v. P.A.M. Transp., Inc., 98 F.3d 396, 397 (8th Cir. 1996) ("The term 'prevailing party' appears in a number of other statutes [besides 42 U.S.C. § 12205] that permit the recovery of attorney's fees, see, e.g., 42 U.S.C. § 1988, and cases analyzing those statutes therefore provide us with guidance in the present case.").

Thus, to be entitled to attorney's fees, Pottgen needed to obtain some measure of success on the merits. He needed to obtain either an enforceable judgment or comparable relief through a consent decree or settlement. Pottgen argues that he achieved success on the merits when the district court granted him preliminary injunctive relief because that judgment allowed him to obtain the primary benefit that he sought--namely the opportunity to play baseball.[3] We disagree.

---

[3]Pottgen also argues that he is a prevailing party under the catalyst theory. This Court has recognized that:

> Where a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a "prevailing party" under section 1988 if his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous . . . .

A plaintiff cannot qualify as a prevailing party if the only basis for his claim of success on the merits is a judgment that has been reversed on appeal. See Pedigo, 98 F.3d at 398 ("[A]n order awarding attorney's fees based on a party's having prevailed in a trial court cannot survive the reversal of that party's judgment on appeal."); see also Zephier v. Pierce, 714 F.2d 856, 859 (8th Cir. 1983). A judgment that has been reversed on appeal is a nullity. See Pedigo, 98 F.3d at 398 ("[R]eversal of a judgment nullifies not only that judgment but any order based upon it."). Here, the only judgment upon which Pottgen can base a claim of prevailing party status has been reversed, and hence nullified. That judgment therefore does not constitute success on the merits for purposes of awarding attorney's fees, and Pottgen is consequently not a prevailing party.[4]

_____

Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. #1, 17 F.3d 260, 262 (8th Cir. 1994) (quotations and citations omitted).

Pottgen's catalyst argument lacks merit. Pottgen has not shown, nor can we discern, how his suit was a catalyst for voluntary compliance on the part of MSHSAA. MSHSAA allowed Pottgen to play baseball only because it was enjoined from preventing him from playing. Moreover, there is no indication that MSHSAA has abandoned, or has any intention of abandoning, its policy under By-Law 232.

[4]While we recognize that Pottgen was able to play baseball, this opportunity was the result of an incorrect ruling by the district court. Had it not been for the passage of time between the district court's grant of injunctive relief and this Court's reversal of that relief, MSHSAA could have enforced its By-Law 232 as written against Pottgen. In addition, MSHSAA has in no way been barred from future enforcement of By-Law 232 against any other student. Thus, Pottgen cannot be considered to be a prevailing party in any meaningful sense. He got the chance to play baseball only because the district court erred in granting a TRO and preliminary injunctive relief. A victory of this sort--one due to an incorrect ruling by the district court--is not sufficient to support a finding of prevailing party status.

**III.**

The district court's order awarding attorney's fees and litigation costs is reversed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.