Nedder v. Rivier College                    CV-95-116-SD 06/30/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Mary Nedder


    v.                                        Civil No. 95-116-SD


Rivier College


**O R D E R**


Having successfully prevailed on her claim under the

Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et seq.</u>,

plaintiff now moves for an award of attorney fees, litigation

expenses, and costs.  Document 56.[1]  No objection has been

interposed by the defendant.

There is no question that plaintiff is the prevailing party

_____

[1]The motion is grounded on 42 U.S.C. § 12205, which
provides,

> In any action or administrative proceeding
> commenced pursuant to this chapter, the court or
> agency, in its discretion, may allow the
> prevailing party, other than the United States, a
> reasonable attorney's fee, including litigation
> expenses, and costs, and the United States shall
> be liable for the foregoing the same as a private
> individual.

in this litigation. <u>Farrar v. Hobby</u>, 506 U.S. 103, 109 (1992).[2] The starting point for an award of attorney fees is therefore the "lodestar", which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

The total amount here sought in attorney fees is the sum of $38,590, the components of which are (1) 230.8 hours at an hourly rate of $150 for the services of Attorney Paul McEachern, trial counsel for plaintiff, equaling $34,620, and (2) 39.7 hours at an hourly rate of $100, or $3,970, for Attorney Alec McEachern, who assisted at the trial of this action. While the court, having carefully reviewed the itemized time charges set forth in the affidavit of Attorney Paul McEachern, has no quarrel with the hours and hourly rate attributed to his services,[3] it will disallow 50 percent of the amount attributable to Attorney Alec

---

[2]Although <u>Farrar v. Hobby</u>, <u>supra</u>, concerned a fees award pursuant to the Civil Rights Act, 42 U.S.C. § 1988, analysis of awards under that statute have been utilized by the courts in their consideration of entitlement to awards pursuant to 42 U.S.C. § 12205. <u>See</u> <u>Pottgen v. Missouri State High School Activities Ass'n</u>, 103 F.3d 720, 723 (8th Cir. 1997); <u>Pedigo v. P.A.M. Transport, Inc.</u>, 98 F.3d 396, 397-98 (8th Cir. 1996).

[3]Admitted in 1966, Attorney Paul McEachern, the court finds, is well qualified to receive an hourly rate of $150.

McEachern,[4] finding the latter amount to be both excessive and duplicative.

As thus recomputed, the total sum of attorney fees herewith awarded is $36,605, to which the court adds, finding them to be proper and requiring no further discount, the total disbursements of $3,588.37. The total amount herewith awarded is therefore the sum of $40,193.37.

This case is now in that stage for, and the court herewith directs the clerk of court to complete entry of final judgment.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

June 30, 1997

cc: Paul McEachern, Esq.
    Daniel P. Schwarz, Esq.

_____

[4]Admitted in 1994, Attorney Alec McEachern is probably entitled to an hourly rate closer to $75 than $100. Moreover, examination of the itemized charges set forth for him indicate that they comprise largely hours spent in research and note taking at trial. Attorney Alec McEachern did not participate in oral argument or direct or cross examination of any of the witnesses presented at such trial.