**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM R. CARUTHERS,

      Plaintiff-Appellant,

v.

PROCTOR & GAMBLE
MANUFACTURING CO.,

      Defendant-Appellee.

Nos. 97-3318 & 98-3035
(D.C. No. 96-CV-2071-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for decisions on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In appeal No. 97-3318, plaintiff William R. Caruthers appeals from a final judgment of the district court denying him equitable relief after he prevailed at trial on his claim filed under the American with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. In appeal No. 98-3035, Mr. Caruthers appeals the district court's determination that he was not entitled to attorney's fees and expenses. We affirm both determinations.

Mr. Caruthers has been employed by defendant since 1972.[1] In 1992, he sustained a work-related injury. When he was approved to return to work with certain restrictions, no work was available which could accommodate those restrictions. Mr. Caruthers then filed a charge with the EEOC. He eventually returned to work as a fork truck operator. Following his return, he was disciplined for poor work attendance and was placed on a "step one" discipline which affected his ability to apply for jobs which would accommodate his physical restrictions.

After receiving his right to sue letter from the EEOC, Mr. Caruthers filed this action in state court. Defendant removed the action to federal district court. Mr. Caruthers alleged his rights under the ADA and the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654 had been violated. The district

---

[1] Mr. Caruthers continues to be employed by defendant.

court granted defendant summary judgment on the FMLA claim. Mr. Caruthers does not contest this ruling on appeal.

Mr. Caruthers' ADA claims went to trial. The jury found that Mr. Caruthers was a disabled person entitled to the protections of the ADA and that he could perform the essential functions of his job with reasonable accommodation. The jury found that defendant had not discriminated against Mr. Caruthers because of his disability, but had intentionally retaliated against him because he had engaged in activities protected by the ADA. The jury awarded no damages.

On appeal, Mr. Caruthers contends the district court erred in instructing the jury that he had to prove defendant intended to discriminate against him by failing to reasonably accommodate his disabilities.[2] Although "[w]e review the district court's refusal to give a particular instruction for abuse of discretion[,] . . . [t]he ultimate question of whether the jury was properly instructed is a question of law which we review de novo." Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1525-26 (10th Cir. 1997). To determine whether the jury was properly instructed, we examine whether the jury

---

[2]     Defendant asserted that Mr. Caruthers failed to properly preserve this issue for appeal. Mr. Caruthers has supplemented his appendix with the portion of the transcript showing his objection to the instruction made on the record. The issue was properly preserved for review. See City of Wichita v. U.S. Gypsum Co., 72 F.3d 1491, 1495 n.1 (10th Cir. 1996).

instructions, as a whole, "adequately stated the governing law and provided the jury with an accurate understanding of the issues and standards applicable." United States v. Grey, 56 F.3d 1219, 1222 (10th Cir. 1995).

The instruction Mr. Caruthers objects to reads:

> To prevail on his clam of intentional discrimination, plaintiff must prove by a preponderance of the evidence that he is a qualified individual with a disability and that defendant did not make a good faith effort to identify and make a reasonable accommodation that would provide plaintiff with an equally effective opportunity.

> Plaintiff need not produce direct evidence of discrimination. Rather, intentional discrimination may be inferred from the existence of other facts.

See Appellant's App. at 111. Counsel objected to the inclusion of the words "intentional" and "good faith effort."

The jury verdict form shows that the jury was asked to determine first whether defendant had discriminated against plaintiff because of his disability. See Appellee's Supp. App., Verdict question 3. The jury found no discrimination. The jury was then asked to determine whether defendant had intentionally discriminated against plaintiff because of his disability. See id., Verdict question 5. If the jury found intentional discrimination, it was then to determine damages. [3]

---

[3] This same sequence applied to Mr. Caruthers' claim of retaliation. The jury found that defendant had retaliated against Mr. Caruthers because he was engaged in activities protected by the ADA and that the retaliation was intentional. The jury then determined no damages were warranted.

-4-

Jury Instruction No. 15 gave the jurors the law necessary to determine whether defendant had discriminated against Mr. Caruthers due to his disability. Mr. Caruthers does not contend that this instruction improperly sets forth the law on discrimination under the ADA. As the jury found no discrimination, it never reached the issue of whether any discrimination was intentional as set forth in Jury Instruction No. 21, and did not rely on that instruction. No error occurred.

No. 98-3035

In this appeal, Mr. Caruthers contends that he is entitled to Fed. R. Civ. P. 37(c)(2) expenses due to defendant's failure to answer plaintiff's first request for admissions and to attorney's fees as a prevailing party. The district court denied both requests.

Rule 37(c)(2) directs the award of reasonable expenses including attorney's fees when a party does not comply with a Fed. R. Civ. P. 36 request for admission and the requesting party later proves the truth of that admission. The court may decline to award expenses if it finds that one of the stated exceptions applies. Here, defendant declined to admit that Mr. Caruthers was a qualified disabled individual under the ADA. The court found that defendant had a reasonable ground for maintaining that position to trial.

"We review the district court's determination whether a party is entitled to expenses under Rule 37(c)(2) for an abuse of discretion." Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1555 (10th Cir. 1996).

Based on our review of the materials before us, we conclude that the district court did not abuse its discretion in concluding defendant had good reasons for not admitting that Mr. Caruthers was disabled and that he was a qualified individual under the ADA. "[T]he true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." Rule 37 Advisory Committee Notes, 1970 Amendment, subdivision (c). The district court did not err in denying Mr. Caruthers' request for fees under Rule 37(c)(2).

We review the district court's determination whether to award fees under the ADA for abuse of discretion. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1231 (10th Cir. 1997). We review the "district court's statutory interpretation or legal analysis which provides the basis for the fee award" de novo. Id. (quotation omitted).

The ADA permits the district court, in its discretion, to award the prevailing party, other than the United States, reasonable attorney's fees including litigation expenses, and costs. See 42 U.S.C. § 12205. However, to qualify as a prevailing party, the plaintiff must obtain relief on the merits that directly

benefits him through an enforceable judgment, consent decree, or settlement. See Farrar v. Hobby, 506 U.S. 103, 111 (1992). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id. at 111-112. "[A] judicial pronouncement that the defendant has violated the [law] . . . unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party." Pedigo v. P.A.M. Transport, Inc., 98 F.3d 396, 398 (8th Cir. 1996) (quotation omitted); see, e.g., Farrar, 506 U.S. at 112 ("moral satisfaction . . . cannot bestow prevailing party status").

Mr. Caruthers argues the legal relationship between the parties was altered as he benefitted from the verdict, he was functioning as a private attorney general in prosecuting the suit, and the district court could have granted his request for a permanent injunction. Mr. Caruthers has shown no alteration in the parties' legal relationship. The court did not abuse its discretion in denying fees.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. Plaintiff's motion to supplement the record is GRANTED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge