261 F.Supp.2d 1142 (2003)
Ralph DEHNE, Plaintiff,
v.
MEDICINE SHOPPE INTERNATIONAL, INC., Defendant.
No. 4:01-CV-137-CAS.
United States District Court, E.D. Missouri, Eastern Division.
March 31, 2003.
*1143 Mary Anne O. Sedey, Jon A. Ray, Sedey and Ray, P.C., St. Louis, MO, for plaintiff.
Thomas A. Mickes, Doster and Mickes, Chesterfield, MO, Margaret A. Hesse, D. Shane Jones, James H. Guest, Tueth and Kenney, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on plaintiffs motion for a new trial, or in the alternative, for amendment or alteration of the judgment and an award of attorney's fees and costs. Based upon its assessment of the evidence presented, the Court concludes the jury's verdict was not against the weight of the evidence and did not result in a miscarriage of justice. The plaintiff is entitled to a declaratory judgment on his disability discrimination claim that defendant violated the American with Disabilities Act and the Missouri Human Rights Act. Further, the Court concludes that plaintiff is not a prevailing party entitled to attorney's fees or costs.

Factual and Procedural Background.
Plaintiff Ralph Dehne was employed by defendant Medicine Shoppe from 1981 through 1998. Dehne was diagnosed with Parkinson's disease in 1996 and was discharged by defendant in 1998. Dehne brought suit against Medicine Shoppe in 2001 claiming that he was discriminated against because of his disability and was discharged in retaliation for his complaints about discrimination. Dehne sought lost wages, compensatory damages, punitive damages, front pay, injunctive relief, prejudgment interest, attorney's fees, and costs. The defendant claimed that it discharged plaintiff because plaintiff violated a contract with Medicine Shoppe by soliciting other employees to work for him and disclosing confidential information to unauthorized people.
The jury found that Dehne was discharged because he was disabled, but also found that Medicine Shoppe would have terminated Dehne's employment even if it had not considered his Parkinson's disease. The jury also found that Dehne was discharged in retaliation for his complaints *1144 about discrimination, but that Medicine Shoppe would have terminated Dehne's employment even if it had not considered his complaints about discrimination. The jury found that Medicine Shoppe did not regard Denhe as disabled. In accordance with the jury's verdict, this Court entered judgment against Dehne and in favor of Medicine Shoppe, and awarded costs against plaintiff.
Plaintiff moves for a new trial pursuant to Rule 59(a), or in the alternative for amendment or alteration of the judgment pursuant to Rule 59(e). Plaintiff also seeks attorney's fees and costs. Defendant filed a memorandum in opposition.

Plaintiffs Motion for a New Trial Pursuant to Rule 59(a).
It is almost entirely within the discretion of the trial court whether to grant a new trial. See Federal Rule of Civil Procedure 59(a); Citizens Bank of Batesville, Ark. v. Ford Motor Co., 16 F.3d 965, 967 (8th Cir.1994). A motion for a new trial should be granted when the verdict is against the weight of the evidence and would result in a miscarriage of justice. Butler v. French, 83 F.3d 942, 944 (8th Cir.1996). In reviewing a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence, the Court is free to weigh the evidence for itself. White v. Pence, 961 F.2d 776, 780 (8th Cir.1992).
Based upon its assessment of the evidence presented, the Court concludes the jury's verdict was not against the weight of the evidence and did not result in a miscarriage of justice. Evidence presented at trial showed that plaintiff violated defendant's Certificate of Compliance by soliciting other employees to come work for him and by disclosing confidential information to unauthorized persons outside the company. Plaintiffs motion for a new trial should therefore be denied.

Plaintiffs Motion for Amendment or Alteration of Judgment pursuant to Rule 59(e).
In the alternative, plaintiff moves to amend or alter the judgment to reflect the jury's finding that defendant terminated plaintiff because of his disability and in retaliation for his complaints of discrimination. Plaintiff also requests injunctive relief, attorney's fees and costs.
This Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Id. (internal punctuation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

Declaratory and Injunctive Relief.
Plaintiff requests declaratory relief in his post-judgment motion. Defendant opposes declaratory relief, at least with respect to plaintiffs retaliation claim. Plaintiff is entitled to declaratory relief on his disability discrimination claim because the jury found that defendant discriminated against plaintiff in violation of the American with Disabilities Act. See Pedigo v. P.AM. Transport, Inc., 98 F.3d 396 (8th Cir.1996). The Court will issue a declaratory judgment to accompany this order. Plaintiff is not, however, entitled to declaratory relief on his retaliation claim. See Norbeck v. Basin Elec. Power Coop., 215 F.3d 848, 852 (8th Cir.2000) (False Claims Act plaintiff not entitled to any relief in mixed-motive retaliation case where employer proved it would have made the same decision in the absence of the illegal motive; citing with approval cases holding *1145 that the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(m), does not apply to mixed motive retaliation cases under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act).
Plaintiff also requests injunctive relief in his complaint and post-judgment motion. Defendant opposes injunctive relief. This Court has broad discretion to issue injunctive relief once discrimination has been established. See Briscoe v. Fred's Dollar Store, Inc., 24 F.3d 1026, 1028 (8th Cir.1994).
The jury found that plaintiff was discriminated against because of his Parkinson's disease and in retaliation for his complaints of discrimination. The jury also found, however, that defendant would have made the same decision even if defendant did not consider these illegal criteria. Plaintiff no longer works for the defendant and did not seek reinstatement. Plaintiff did not show any lingering effects of discrimination and there is "no reasonable expectation that the discriminatory conduct will recur." Stevens v. Gravette Med. Center Hosp., 998 F.Supp. 1011, 1015 (W.D.Ark.1998). Based on these facts, the Court concludes that injunctive relief is not warranted. Plaintiffs request for an injunction should therefore be denied.

Attorney's Fees and Costs.

Discharge Based on Disability.
Plaintiff argues that he is entitled to attorney's fees and costs under section 107 of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5(g)(2)(B)(i), which states:
On a claim in which an individual proves a violation under [42 U.S.C. § 2000e-2(m) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court
(i) may grant declaratory relief, injunctive relief ... and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under [42 U.S.C. § 2000e-2(m)
Plaintiff relies on 42 U.S.C. § 2000e-5 because the Civil Rights Act of 1991 amended Title I of the ADA to provide that the remedies under Title VII of the Civil Rights Act of 1964 ("Title VII") are remedies available to persons alleging disability discrimination under that subchapter. See 42 U.S.C. § 12117; 42 U.S.C. § 2000e-5(g)(2)(B)®.
Defendant responds that plaintiff is not entitled to attorney's fees and costs because plaintiff is not a prevailing party under a separate attorney's fee provision in Title V of the ADA, which allows "the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Defendant asserts that to qualify as a prevailing party under this section, a plaintiff must obtain relief on the merits that directly benefits him through an enforceable judgment, consent decree or settlement, and that plaintiff in this case has not obtained such relief.
To resolve this issue, the Court must determine which attorney's fee provision of the ADA controls. The Eighth Circuit has applied both statutory provisions in separate decisions that arise from the same underlying case. See Pedigo v. P.A.M. Transport, Inc., 60 F.3d 1300 (8th Cir. 1995) {"Pedigo I"); and Pedigo v. P.A.M. Transport, Inc., 98 F.3d 396 (8th Cir.1996) {"Pedigo II").
Pedigo I was an action under the ADA filed by Mr. Pedigo, a truck driver who suffered a heart attack and consequently could no longer meet federal regulations which mandated certain physical requirements for truck drivers. His employer, *1146 P.A.M. Transport, did not find a new position for him and fired him a few months later. Pedigo alleged that the company's failure to find a different position for him and his subsequent firing were based on his disability. The jury found the company had intentionally discriminated against Pedigo because of his disability, but would have made the same decision to fire him for legitimate, non-discriminatory reasons. The jury awarded Pedigo $62,500 in compensatory damages. On appeal, the Eighth Circuit held that in a mixed-motive case where the employer provides it would have made the same decision absent illegal discrimination, no compensatory damages are available. The Court cited the Title I provision, 42 U.S.C. § 12117(a), which provides that ADA remedies are defined by Title VII.[1] The Court stated that in this type of mixed-motive case, the "remedies available are limited to a declaratory judgment, an injunction that does not include an order for reinstatement or for back pay, and some attorney's fees and costs." Id., 60 F.3d at 1301. The Court held the trial court committed plain error in submitting a compensatory damage instruction, vacated the judgment and remanded for further proceedings.
While the Pedigo I appeal was pending, the trial court awarded Pedigo $30,000.00 in attorney's fees. On remand, the trial court granted declaratory judgment as the sole relief to which Pedigo was entitled, concluded Pedigo was a prevailing party, but refused to grant any additional attorney's fees. Pedigo II was the subsequent appeal, which focused on the award of attorney's fees. In analyzing the issue, a different panel of the Eighth Circuit applied the Title V fee provision, 42 U.S.C. § 12205, but did not discuss why it applied this provision instead of the Title Iprovision cited in Pedigo I.[2] The Court stated that under § 12205, prevailing-party status is determined by the standards applicable to 42 U.S.C. § 1988. To be a prevailing party under § 1988, "a plaintiff must obtain relief on the merits that directly benefits him or her through an enforceable judgment, or a plaintiff must obtain comparable relief through a consent decree or settlement." 98 F.3d at 398 (citing Farrar v. Hobby, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). "[A] judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party." Farrar, 506 U.S. at 112, 113 S.Ct. 566. The Court concluded that Pedigo was not a prevailing party because he obtained only declaratory relief, and vacated the award of fees.
Plaintiff argues that Pedigo II's holding is in direct conflict with the ADA, Pedigo I, and the "overwhelming majority of precedent in this Circuit," and that Pedigo II was "wrongly decided and cannot be followed by this Court." The Court agrees that Pedigo I and Pedigo II appear to be in direct conflict, but cannot agree with plaintiffs other conclusions.
The decision in Pedigo II is not in direct conflict with the ADA because the ADA contains two attorney's fee provisions with different standards for an award of fees. Pedigo II applied the second provision, while Pedigo I applied the first. Contrary to plaintiffs arguments, precedent in this Circuit concerning ADA and disability claims has tended to apply the Title V provision, 42 U.S.C. § 12205, to issues concerning attorney's fee awards. See Pottgen v. Missouri State High School Activities Ass'n, 103 F.3d 720, 723 (8th Cir.1997) (analyzing whether an ADA plaintiff was a prevailing party under § 12205; holding *1147 that Farrar analysis applies to determinations of prevailing party status under § 12205 and the Rehabilitation Act, 29 U.S.C. § 794a(b)); Layton v. Elder, 143 F.3d 469, 473 (8th Cir.1998) (citing Pedigo II for the proposition that ADA and Rehabilitation Act plaintiffs who succeeded on the merits of their discrimination claim were prevailing parties entitled to an award of attorney's fees); see also Peter v. Jax, 187 F.3d 829, 837 (8th Cir.1999) (citing Pedigo II with approval in case under 42 U.S.C. § 1983, in which consent injunction did not make disabled students prevailing parties entitled to attorney's fees), cert, denied sub nom. Westendorp by Westendorp v. Ventura, 529 U.S. 1098, 120 S.Ct. 1832,146 L.Ed.2d 776 (2000).
The majority of cases plaintiff cites as being in direct conflict with Pedigo II are not ADA cases, although they cite Pedigo I. In these cases, the Eighth Circuit stated that in the mixed motive context, an employer may be liable for discrimination even if it meets its burden of proving that the same adverse action would have occurred absent the discrimination.[3] The Eighth Circuit's acknowledgment of the availability of declaratory relief, injunctive relief, and attorney's fees in Title VII or other non-ADA mixed-motive cases does not support an award of fees in this case, because unlike the instant case, there can be no doubt that Title VII remedies apply to Title VII cases. See, e.g., Mohr v. Dustrol, Inc., 306 F.3d 636, 640 (8th Cir. 2002) (Title VII); Gagnon v. Sprint Corp., 284 F.3d 839, 848 (8th Cir.) (Title VII and Uniformed Services Employment and Reemployment Rights Act), cert, denied, ___ U.S. ___, 123 S.Ct. 485, 154 L.Ed.2d 396 (2002); Excel Corp. v. Bosley, 165 F.3d 635, 638 (8th Cir.1999) (Title VII); Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1156 (8th Cir.1999) (Title VII and Age Discrimination in Employment Act); Fast v. Southern Union Co., 149 F.3d 885, 889 (8th Cir.1998) (ADEA).
Dicta in two post-Pedigo II ADA decisions lends some support to plaintiffs position. In Belk v. Southwestern Bell Telephone Co., 194 F.3d 946 (8th Cir.1999), a mixed-motive case, the Eighth Circuit stated that attorney's fees may be awarded where a plaintiff proves the employer's actions violated the ADA, but the employer successfully argues it would have made the same decision without the illegal conduct. In such circumstances, the Court stated, "[T]he complainant's recovery is limited to declaratory and injunctive relief and some attorney's fees and costs." Id., 194 F.3d at 950 (citing Pedigo I). In Belk, the Eighth Circuit reversed the judgment of injunctive relief and attorney's fees because the district court failed to give a jury instruction on business necessity, and remanded for a new trial. Thus, while Belk endorses the application of Title VII remedies in ADA mixed-motive cases, the Court's discussion of remedies is dicta. Doane v. City of Omaha, 115 F.3d 624, 629 (8th Cir.1997), cert, denied 522 U.S. 1048, 118 S.Ct. 693, 139 L.Ed.2d 638 (1998), overruled on other grounds by Sutton v. United Air Lines, Inc., 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), was not a mixed-motive case. The plaintiff prevailed on his disability claim, and the Eighth Circuit cited Pedigo I in dicta concerning the remedies available if an employer were able to show it would have made the same decision absent consideration of the employee's disability. Doane is therefore not persuasive.
The foregoing discussion illustrates that the law on this issue is not entirely clear. Nonetheless, this Court concludes it is *1148 bound by the Eighth Circuit's decision in Pedigo II. The facts of Pedigo II are closely analogous to this case: Both cases involved the jury trial of a mixed-motive ADA case where the jury found that while the employer illegally discriminated against the plaintiff, it would have made the same decision in the absence of any illegal considerations. In both cases, the plaintiff received only a declaratory judgment and was no longer employed by the defendant when the grant of declaratory relief occurred.[4] On these facts, the Eight Circuit squarely held that an ADA plaintiff who has obtained only a declaratory judgment cannot be a prevailing party because he "has no enforceable judgment, even of a nominal character, that affects the behavior of the defendant toward the plaintiff." Pedigo II, 98 F.3d at 398. This Court sees no distinction which can be drawn between this case and Pedigo II. In contrast, in Pedigo I, the Eighth Circuit was not directly addressing the propriety of an attorney's fee award where the plaintiff had obtained only declaratory relief.
Because the jury found that defendant illegally discriminated against plaintiff based on his disability, but would have made the same decision in the absence of any illegal considerations, plaintiff is entitled only to declaratory relief, and therefore is not a prevailing party under the ADA. Pedigo II, 98 F.3d at 398. Plaintiffs request for attorney's fees and costs on his discrimination claim should therefore be denied.

Discharge Based on Retaliation.
Plaintiffs post-judgment motion seeks attorney's fees and costs on both his discrimination and retaliation claims, but does not specifically address the availability of fees and costs with respect to his retaliation claim. Defendant argues that plaintiff is not entitled to attorney's fees and costs on this claim because although the remedies in 42 U.S.C. § 2000e-2m are the remedies to which an ADA plaintiff is entitled, retaliation claims are not referenced in the Act.[5]
Under the holding of Pedigo II, as discussed above, plaintiff is not a prevailing party on the retaliation claim and is not entitled to an award of attorney's fees and costs.
Moreover, even if the Title VII standard were applied, plaintiff would not be entitled to fees on this claim. The Courts of Appeal which have addressed the issue have uniformly held that the text of 42 U.S.C. § 2000e-5(g)(2)(B) does not authorize an award of attorney's fees in mixed-motive retaliation cases. See Lewis v. Young Men's Christian Ass'n, 208 F.3d 1303, 1305 (11th Cir.2000); Kubicko v. Ogden Logistics Serv., 181 F.3d 544, 553 n. 7 (4th Cir.1999); McNutt v. Board of Trustees of Univ. of III, 141 F.3d 706, 709 (7th Cir.1998); Woodson v. Scott Paper Co., 109 F.3d 913, 935 (3rd Cir.), cert, denied, 522 U.S. 914, 118 S.Ct. 299, 139 L.Ed.2d 230 (1997); Tanca v. Nordberg, 98 F.3d 680, *1149 685 (1st Cir.1996), cert, denied, 520 U.S. 1119, 117 S.Ct. 1253, 137 L.Ed.2d 333 (1997); see also Norbeck, 215 F.3d at 852 (plaintiff not entitled to attorney's fees in mixed-motive retaliation case under False Claims Act; Eighth Circuit cited Title VII precedent with approval).
For these reasons, plaintiffs request for attorney's fees and costs on his retaliation claim should also be denied.

Conclusion.
For the foregoing reasons, the Court concludes that plaintiffs motion for a new trial should be denied. Plaintiffs motion to amend or alter the judgment should be granted in part and denied in part as set forth in this memorandum and order.
Accordingly,
IT IS HEREBY ORDERED that plaintiffs motion for new trial is DENIED. [Doc. 67-1]
IT IS FURTHER ORDERED that plaintiffs motion for amendment or alteration of the judgment is GRANTED in part and DENIED in part; said motion is GRANTED as to declaratory relief that defendant discriminated against plaintiff because of his disability; DENIED as to declaratory relief on plaintiffs retaliation claim; and DENIED as to injunctive relief and attorney's fees and costs as set forth above. [Doc. 67-2]
IT IS FURTHER ORDERED that the judgment issued on October 29, 2002, is vacated and an amended judgment shall accompany this memorandum and order. [Doc. 63]

AMENDED JUDGMENT
In accordance with the memorandum and order of this date and incorporated herein:
This action came on for trial before a jury, the undersigned United States District Judge presiding.
The jury found that plaintiff Ralph Dehne was discharged because he was disabled (Claim 1), but also found it was proved by the preponderance of the evidence that defendant would have terminated plaintiffs employment even if defendant had not considered his disability. The jury found that plaintiff was discharged in retaliation for his complaints of discrimination (Claim 3), but also found it was proved by the preponderance of the evidence that defendant would have terminated plaintiffs employment even if defendant had not considered his complaints about discrimination. Finally, the jury found in favor of defendant on plaintiffs claim that defendant regarded him as disabled (Claim 2).
Accordingly,
IT IS HEREBY ORDERED, ADJUDGED and DECLARED, in accordance with the jury's verdict returned on October 25, 2002, and the applicable statutory provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"), and the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010 et seq. ("MHRA"), that plaintiff Ralph Dehne was subjected to disability discrimination in violation of the ADA and MHRA. Specifically, the jury found that plaintiffs disability, Parkinson's disease, was a motivating factor in defendant Medicine Shoppe International, Inc.'s decision to terminate plaintiffs employment.
IT IS FURTHER ORDERED that costs are assessed against plaintiff.
NOTES
[1] The Pedigo I decision does not mention the ADA Title V attorney's fee provision.
[2] The same Circuit Judge authored both Pedigo I and Pedigo II.
[3] In all of plaintiff's cited cases, the Eighth Circuit was reversing a trial court's grant of summary judgment or judgment as a matter of law.
[4] The Eighth Circuit further stated that because the plaintiff was no longer in the defendant's employ by the time the declaratory judgment was issued, the judgment afforded plaintiff no relief. Pedigo II, 98 F.3d at 398. The same is true in this case.
[5] Somewhat inconsistently, defendant would have the Court apply the ADA Title I provision to the retaliation claim, but not to the discrimination claim. Defendant states in its memorandum in opposition to plaintiff's motion, "Plaintiff correctly stated that the American with Disabilities Act of 1990 specifies that the remedies provided for in sections 2000e-5 of the Civil Rights Act of 1991 are the remedies to which an ADA plaintiff is entitled. 42 U.S.C. § 12117(a)." Def.'s Mem. Opp. at 8. Defendant then cites the Eighth Circuit's Norbeck decision, 215 F.3d 848 (8th Cir.2000), to support its argument that plaintiff cannot recover attorney's fees in mixed-motive retaliation cases.