**Abdul W. AZIMI, Plaintiff**

**v.**

**JORDAN'S MEATS, INC., Defendant.**

**Civil No. 03–268–P–C.**

United States District Court, D. Maine.

Jan. 29, 2007.

---

John R. Lemieux, Desmond & Rand, P.A., Westbrook, ME, Daniel W. Bates, Farris and Bates PA, Gardiner, ME, Michelle Allott, Farris Law Firm, Falmouth, ME, for Plaintiff.

Lawrence C. Winger, Portland, ME, for Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND LITIGATION EXPENSES**

GENE CARTER, Senior District Judge.

After a five-day trial, the jury found that Abdul Azimi, a Muslim immigrant from Afghanistan, had suffered racial, religious, or ethnic harassment at his former workplace, Jordan's Meats, Inc., in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Azimi put on no evidence at trial of any out-of-pocket costs he had incurred for medical treatment or psychological counseling, or of any wage loss incurred as a result of the abuse he suffered at his workplace; instead, he relied only on his own testimony and the testimony of his wife and a friend about allegedly suffering emotional distress. The jury rejected this testimony as a basis for awarding compensatory damages and found that Azimi had not suffered any harm. Azimi did not receive any award of nominal damages because he chose not to submit the question

of nominal damages to the jury and he waited too long to request an award of nominal damages from this Court. On a written motion after trial, Plaintiff requested, and was granted, declaratory relief as follows: "[T]he Court hereby DECLARES that the Defendant Jordan's Meats, Inc. has violated 42 U.S.C. § 2000e–2 and 42 U.S.C. § 1981." Now before the Court is Plaintiff's Motion for Award of Attorney's Fees and Litigation Expenses (Docket Item No. 117). Defendant objects to awarding Plaintiff any attorney's fees in this case (Docket Item No. 118).

■ Under the American Rule, parties to a lawsuit generally pay their own attorney fees "absent explicit statutory authority" to the contrary. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The statutes at issue in this case, Title VII and § 1981, state in pertinent part that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A party prevails either by "obtain[ing] an enforceable judgment ... or comparable relief through a consent decree or settlement ... [that] directly benefit[s the plaintiff] at the time of the judgment or settlement." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (internal citations omitted). The Supreme Court has made clear " 'that a · plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail,' " *Buckhannon,* 532 U.S. at 603–04, 121 S.Ct. 1835 (quoting *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)), such that the relief "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly ben-

efits the plaintiff." *Farrar,* 506 U.S. at 111–12, 113 S.Ct. 566.

■ An award of nominal damages makes a litigant a prevailing party and, thus, eligible for attorney's fees. *Id.* at 112–14, 113 S.Ct. 566. In the absence of any damage award, the Court of Appeals for the First Circuit has stated that "achieving prevailing party status requires a plaintiff to show that he succeeded on an important issue in the case, thereby gaining at least some of the benefit he sought in bringing suit." *Gay Officers Action League v. Commonwealth of Puerto Rico,* 247 F.3d 288, 293 (1st Cir.2001). In *Gay Officers Action League,* 247 F.3d at 293–95, the Court of Appeals for the First Circuit found that prevailing party status was appropriate even though the relief obtained did not include a monetary or a nominal damage award. That case is, however, distinguishable from the instant case. In *Gay Officers Action League,* the First Circuit affirmed the district court's award of attorney's fees under an analogous fee provision in a § 1983 action where in addition to declaring that a police department regulation was unconstitutional, the district court permanently enjoined the Commonwealth from punishing any police officer for violating the regulation. In reaching its conclusion, the First Circuit stated that "the question of whether or not obtaining equitable relief is sufficiently meaningful to warrant prevailing party status is case-specific" and relied on the district court's act of striking down the regulation as the basis for finding that one of plaintiffs' preeminent goals was achieved.

■ "A declaratory judgment ... will constitute relief ... if, and only if, it affects the behavior of the defendant toward the plaintiff." *Rhodes v. Stewart,* 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988). Here Azimi can point to no "actual relief

on the merits" as against Jordan's Meats. The jury declined to award any of the monetary relief that Azimi sought. Azimi did not get reinstated or attain any other type of equitable relief. Although Azimi received a declaration that Jordan's Meats had violated federal law, he has not cited to any case in which an award of attorney's fees is based on declaratory relief alone.[1] All of the cases that the Court has found where some measure of declaratory relief was all that a litigant achieved have denied attorney's fees. *See, e.g., Rhodes*, 488 U.S. at 4, 109 S.Ct. 202 (reversing attorney fee award in 42 U.S.C. § 1988 case in which court found that prison officials violated prisoners' procedural rights in denying request for magazine subscription, where only relief was in form of changed prison policies that did not benefit either plaintiff as neither were in custody at time judgment was entered); *Sierra Club v. City of Little Rock*, 351 F.3d 840, 845–46 (8th Cir.2003)(district court erred in awarding attorney's fees under prevailing party provision in action under Clean Water Act to environmental group on basis of declaration that city had violated permit, as declaration and court order did not provide any relief to group or change behavior of defendant toward plaintiff); *Thomas v. National Science Foundation*, 330 F.3d 486, 492–94 (D.C.Cir.2003)(partial summary judgment obtained before case was mooted by legislation could not make plaintiff prevailing party because judgment only declared unconstitutionality of tax without providing any relief to plaintiff); *Bonner v.*

*Guccione*, 178 F.3d 581, 593–94 (2nd Cir. 1999)(jury's finding of statutory violation but awarding no damages on Title VII cause of action did not make plaintiff prevailing party when finding did not affect behavior of defendant toward plaintiff); *Pedigo v. P.A.M. Transp. Inc.*, 98 F.3d 396, 398 (8th Cir.1996) (reversing attorney fee award where plaintiff received no damage award and no longer worked for the defendant, making any equitable relief unavailable). Azimi can point to no effect that the judicial declaration has had on the legal relationship of the parties or on Jordan's Meats behavior toward him. Finally, the declaratory relief awarded did not achieve any of Azimi's paramount goals in bringing suit. Without any relief to enforce, Azimi cannot be considered a prevailing party.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Award of Attorney's Fees and Litigation Expenses be, and it is hereby, **DENIED.**

---

1. When this Court's denial of an award of nominal damages was appealed, the Court of Appeals for the First Circuit noted that "[t]his circuit has yet to resolve whether a Title VII and § 1981 plaintiff who wins a liability judgment and a declaratory judgment, but not a damage award, counts as a "prevailing party" within the meaning of 42 U.S.C. § 2000e–5(k) or § 1988." *Azimi v. Jordan's Meats*, 456 F.3d 228, 237 n. 5 (1st Cir.2006).

This Court does not consider this case to be within the purview of this *caveat* of the Court of Appeals because there is no judgment entered here that imposes any "liability" on the Defendant. The only relief granted here is a declaration that the Defendant violated the pertinent statutes but that is not accompanied by any action of the Court imposing any burden of any kind on the Defendant.