73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Monteith HARRIS, Plaintiff-Appellant,
v.
Daniel SNEAD; Danny Waite, Defendants-Appellees.
 No. 95-1365.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Monteith Harris appeals pro se from a district court order awarding costs to the defendants after the dismissal of his civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After judgment was entered in the underlying case, the defendants filed a motion for $38 in costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. Sec. 1920. Harris filed a response. The district court granted the motion for costs in an order entered March 21, 1995. Harris filed a timely appeal from this order on March 29, 1995.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion by awarding costs to the defendants. See Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991); Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). Factors relevant to the court's review include whether the costs are permissible, whether the costs are reasonable, and whether the district court has considered the capacity of the indigent litigant to pay the costs. See Sales, 873 F.2d at 120. Moreover, the burden is upon the plaintiff to show that he is incapable, as a practical matter, of paying such costs. Weaver, 948 F.2d at 1014.
 
 
 4
 Review of the district court's order reveals that the district court considered both the reasonableness of the amount of costs claimed, and the ability of Harris to pay. See Sales, 873 F.2d at 120. The amount of costs requested was supported by the record, and the district court's order sets forth a payment plan which takes into account Harris's ability to pay the costs. Moreover, the district court's order limited collection to fifty percent of funds incoming to Harris's prisoner account. Thus, Harris has not shown that the district court abused its discretion by requiring him to pay the $38 award.
 
 
 5
 Finally, Harris's contention that the taxation of costs violates the First Amendment is without merit. See Weaver, 948 F.2d at 1009-1010.
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.