Tammy TUGGLES, Plaintiff,

v.

LEROY–SOMER, INC., Defendant.

No. 01–1179–T–AN.

United States District Court,
W.D. Tennessee,
Eastern Division.

June 14, 2004.

Thomas L. Henderson, Esq. and O. John Norris, III, Esq., Lewis Fisher Henderson Claxton & Mulroy, LLP, Memphis, TN, for Defendant.

## ORDER DENYING PLAINTIFF'S APPEAL OF ORDER AWARDING COSTS

TODD, District Judge.

Plaintiff filed this action against Leroy–Somer North America, her former employer, alleging that she was discriminated against in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("A.D.A.") and the Tennessee Human Rights Act, T.C.A. § 8–50–103 *et seq.* The case was tried by a jury, and on December 12, 2003, the jury rendered a verdict in favor of Defendant. On January 14, 2004, Defendant filed a bill of costs in the amount of $7075.21. Plaintiff filed an objection to the bill of costs, and Defendant filed a response to Plaintiff's objection. Pursuant to Local Rule 54.1, a taxation of costs hearing was held on February 6, 2004, by the Clerk of the Court. Counsel for Defendant appeared at the hearing. Plaintiff's counsel declined to appear, and, instead, relied on the record and the briefs.

The Clerk allowed costs in the amount of $4254.21. Specifically, the Clerk determined that Defendant, as the prevailing party, was entitled to an award of costs under Fed. R. Civ. 54(d) and 28 U.S.C. § 1920. Consequently, the Clerk awarded $553.00 for process service fees (requested amount $553.00), $2,352.58 for deposition fees (requested amount $2,473.58),[1] $999.34 for document reproduction fees (requested

1. This amount was reduced because Defendant sought to recover the cost of both videotaping and transcribing the stenographic record of the depositions. Because Defendant did not show a need as to why both were needed, the Clerk allowed the cost of the transcription only. The amount sought was also reduced by the administrative fees reflected in the court reporter's invoices as these fees represent the cost of doing business for an attorney.

amount $999.34), and $349.29 for witness fees (requested amount $3,049.29).[2]

Plaintiff has appealed the award of costs. Plaintiff first contends that Fed. R.Civ.P. 54(d) and Local Rule 54.1 do not apply to this case. In the alternative, Plaintiff contends that the court should exercise its discretion and reverse the award of costs based on her inability to pay and because the case was inherently difficult. In its response, Defendant asserts that Plaintiff's second argument has been waived.[3] For the reasons set forth below, Plaintiff's appeal is DENIED.

### Court's Authority to Award Costs

Federal Rule Civil Procedure 54(d) provides:

> (d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

The Clerk determined that costs could be awarded under two different provisions: Fed.R.Civ.P. 54(d), which creates a presumption that costs should be awarded to a prevailing party under 28 U.S.C. § 1920, and which are taxed by the Clerk of the Court, and 42 U.S.C. § 12205, which allows a party in an A.D.A. action to recover costs as part of its attorney fee by motion to the court. In the present case, Plaintiff argues that costs may not be awarded under Rule 54(d) because "express provision" is made for costs in § 12205 and, therefore, the Clerk's award should be overturned.[4]

Section 12205 provides that "[i]n any action ... commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, **a reasonable attorney's fee, including litigation expenses, and costs**" (emphasis added). Plaintiff interprets this provision to mean that an attorney fee *and* litigation expenses *and* costs are allowed under § 12205, whereas the Clerk interpreted the provision to mean that litigation expenses and costs are *included* as attorney fees under § 12205. Plaintiff relies, in part, on *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir.2001), which held that § 12205 controls the award of costs in an A.D.A. case and, thus, Rule 54(d) is inapplicable.

This court has taken the position that costs provided for in § 1920 are recoverable under Rule 54(d), while a request for any other costs must be examined under the standards set forth for attorney fees under the fee-shifting statutes. For exam-

---

**2.** This amount was reduced because 28 U.S.C. § 1821(b) limits the costs for witnesses, both fact and expert, to $40 per day, unless the expert witness has been court-appointed. An award of expert witness fees as part of a prevailing party's attorney fees must be made by the court rather than by the Clerk. *See* 42 U.S.C. § 2000e–5(k).

**3.** Defendant has not appealed the Clerk's determination that the amount claimed for certain costs should be reduced.

**4.** A prevailing defendant may not be awarded attorney fees under the ADA or any other civil rights statute unless the plaintiff's action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Not only was Plaintiff's action not "frivolous, unreasonable or without foundation," but also Defendant has not filed a motion for attorney fees or argued that the action was frivolous. Therefore, in the present case, costs may be awarded, if at all, only under Rule 54(d).

ple, in *Deborah Harris v. Wal–Mart, Inc.*, Civ. No. 1:00–1251, this court held as follows:

Plaintiff has asked for reimbursement in the amount of $10,068.38 for costs incurred by her attorneys ($ 3,410.18 for Ms. Howard and $ 6,658.30 for Mr. Rudolph). These totals reflect the cost of long distance phone calls, couriers, postage, photocopying, travel and subsistence, subpoenas, depositions, court reporters, filing fees, and trial exhibits. Rule 54(d) of the Federal Rules of Civil Procedure provides that "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Absent a statute or rule to the contrary, Rule 54(d) creates a presumption that costs should be awarded to a prevailing party under 28 U.S.C. § 1920 unless it would be inequitable under the totality of the circumstances to put the burden of such costs on the losing party. *Rosser v. Pipefitters Union Local 392*, 885 F.Supp. 1068 (S.D.Ohio 1995). Although departures from Rule 54(d) are permitted, the court's discretion is more limited than it would be if the rule were non-directive. *Id.* at 863. The unsuccessful party has the burden to show why the presumption favoring an award of costs to the prevailing party should be overcome. *Id.* at 863–64. "The award of statutory costs is a matter for the district court, in its best judgment as to what was reasonable and necessary, and the appellate courts will not normally interfere with the exercise of that discretion." *Northcross v. Bd. of Ed. of Memphis City Schools*, 611 F.2d 624, 640 (6th Cir.1979). There are two different sources that allow a court to award out-of-pocket expenses to a prevailing Title VII plaintiff. *Id.* at 639. Costs such as court fees and court reporter expenses are awarded pursuant to Rule 54(b) and 28 U.S.C. § 1920 rather than § 2000e–5(k). *Goostree v. State of Tenn.*, 796 F.2d 854, 863–64 (6th Cir.1986). However, "incidental and necessary expenses incurred in furnishing effective and competent representation" are included in the concept of attorney fees. *Northcross*, 611 F.2d at 639. The authority to award a "reasonable attorney's fee" includes the authority to award "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Id.* These expenses include reasonable photocopying, paralegal expenses, travel, and telephone costs. *Id.*

(Footnotes in order omitted). *Accord Benson v. Northwest Airlines, Inc.*, 1997 WL 122897 (D.Minn.) ("Thus, under the ADA, Benson may be reimbursed for litigation expenses not taxable as costs under 28 U.S.C. § 1920."); *Clark v. Virginia Bd. Of Bar Examiners*, 1995 WL 795674 (E.D.Va. Aug. 22, 1995) (same).

Also in accord with this position is *Williams v. Hevi–Duty Elec. Co.*, 122 F.R.D. 206 (M.D.Tenn.), *judgment reversed*, 819 F.2d 620 (6th Cir.1987). In *Williams*, the issue before the court was whether it was proper for the court to consider the plaintiff's ability to afford costs as relevant to whether costs should be assessed. The court looked to *Haynie v. Ross Gear Division of TRW, Inc.*, 799 F.2d 237 (6th Cir.1986), *vacated as moot*, 482 U.S. 901, 107 S.Ct. 2475, 96 L.Ed.2d 368 (1987), in reaching its decision. 122 F.R.D. at 208. The court also touched on the Rule 54(d) versus statutory attorney fee/cost issue.

In *Haynie* the plaintiff lost her employment discrimination claim. The Sixth Circuit reversed an award of costs and fees to

the employer on the ground that the award was improper since the claim was not "frivolous, unreasonable, or without foundation." The award of costs and fees to the defendant union was proper as the claim against it was found to be baseless. However, a remand was necessary for the trial court to determine if Haynie's financial situation was such as to make it reasonable for the union's expenses to be borne by her. 122 F.R.D. at 208.

On remand, the *Williams* trial court determined that "on its face" *Haynie* stands for two propositions: (1) in an employment discrimination suit an award of attorney fees and costs to the prevailing defendant is improper unless the case was frivolous, unreasonable or without foundation, and (2) even if the action was without foundation, the losing plaintiff's financial situation must be considered before he is assessed with costs or attorney fees. *Id.* at 209. The defendant argued that the requirement of examining the plaintiff's financial status did not apply because its bill of costs was brought under Rule 54(d) and § 1920, whereas the issue in *Haynie* was whether the defendants were entitled to attorney fees and costs as prevailing parties under § 1988. *Id.*

The court refused to allow the defendant to "pick and choose" between an award of costs under Rule 54(d) and § 1920 or § 1988. "If there is a specific provision governing assessment of costs for a certain type of action, the standards set by that specific provision cannot be avoided by simply proceeding under a more favorable provision which applies to cases generally." *Id.* at 210. However, the court went on to note that the "beginning premise of defendant's entire argument is incorrect." *Id.*

Although a specific command must be followed when it conflicts with a general provision, here there is no specific provision with regard to costs because § 1988 and 2000e–5(k) make no provision for an award of costs. Instead, these statutes only make provision for certain litigation expenses to be awarded as part of attorney fees. Costs are still granted pursuant to Rule 54(d) and § 1920. *Id.* (relying on *Goostree v. Tennessee,* 796 F.2d 854 (6th Cir.1986)) ("The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920.") The *Williams* court noted that the costs granted in *Haynie* must have been awarded pursuant to Rule 54(d) and § 1920. 122 F.R.D. at 210.[5]

Defendant contends that § 12205 is inapplicable to the present case and that, instead, § 12117(a) is the controlling provision of the ADA. This section provides as follows:

The powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

Defendant reasons that, because Plaintiff alleged that she was discriminated against on the basis of her disability in the context of her employment, the court must look to § 12117(a) which specifically incorporates the remedies of Title VII. Plaintiff, appar-

---

**5.** Although *Williams* did not involve the A.D.A., the powers, remedies and procedures in 42 U.S.C. § 2000e–5 are available in A.D.A. actions in that the Civil Rights Act of 1991 amended Title I of the A.D.A. to provide that the remedies under Title VII of the Civil Rights Act of 1964 are remedies available to persons alleging disability discrimination under that subchapter. *See* 42 U.S.C. § 12117; 42 U.S.C. § 2000e–5(g)(2)(B)(i).

ently, does not contest the point of law that non- § 1920 costs may be awarded as part of Title VII's attorney fee provision.

As noted in *Dehne v. Medicine Shoppe International, Inc.*, 261 F.Supp.2d 1142, 1147 (E.D.Mo.2003), " the law on this issue is not entirely clear." Courts have awarded attorney fees to prevailing parties in disability discrimination employment actions under both § 12205 and § 12217. *Id.* In fact, "[t]he Eighth Circuit has applied both statutory provisions in separate decisions that arise from the same underlying case." *Id.* at 1145 (citing *Pedigo v. P.A.M. Transport, Inc.*, 60 F.3d 1300 (8th Cir. 1995) (applying § 12117) and *Pedigo v. P.A.M. Transport, Inc.*, 98 F.3d 396 (8th Cir.1996) (applying § 12205)). The *Dehne* court found that attorney fees in an A.D.A. case could be awarded under either section, depending on the relief obtained by the prevailing party. *Id.* at 1146.

■ This court finds that, regardless of which section of the A.D.A. is applicable, Defendant is entitled to an award of costs under Rule 54. Section 12205's phrase "a reasonable attorney's fee, including litigation expenses, and costs" clearly means that litigation expenses and costs are included as part of the attorney fee that may be awarded instead of being in addition to the attorney fee, as Plaintiff argues. Therefore, there is no express statutory provision that allows for costs under the A.D.A. If Defendant is correct that § 12217 applies, then Title VII's attorney fee provision applies which includes non-§ 1920 costs as part of the attorney fee.

Consequently, the court upholds the determination of the Clerk of the Court that costs that are available under § 1920 may be awarded in an A.D.A. pursuant to Rule 54 and finds that there was no error in the Clerk's award of costs to Defendant.

*Court's Discretion in Awarding Costs*

■ Plaintiff also argues that, because she is indigent and because the case was "close and difficult," the court should waive the award of costs. Although there is a presumption in favor of awarding costs, the court may deny an award of costs in its discretion. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986). Factors that may be sufficient to justify a court in overcoming the presumption in favor of a cost award include the losing party's good faith, the difficulty of the case, the winning party's behavior, the reasonableness of the costs, and the indigency of the losing party. *Id.See also Singleton v. Smith*, 241 F.3d 534 (6th Cir.2001) ("Although the ability of the winning party to pay his own costs is irrelevant, another factor weighing in favor of denying costs is the indigency of the losing party."(citation omitted)). However, indigency does not prevent the taxation of costs against a party; it is only one factor that a court may consider. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.1989).

■ The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs. *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir.1991). To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent. *Reed v. Int'l. Union*, 945 F.2d 198, 204 (7th Cir.1991) A party is indigent if she is "incapable of paying the court-imposed costs at this time or in the future." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir.1994) (citations omitted).

Some courts have awarded costs and established a payment plan which takes into account the losing party's ability to pay. *See e.g., Pion v. Liberty Dairy Co., a Div. of Dean Foods Co.*, 922 F.Supp. 48, 52

n. 4 (W.D.Mich.1996) ("The court generally finds such a course of action to be warranted in all but the most extreme cases of financial hardship.") *Cf. Santiago v. Orland Park Motor Cars, Inc.,* 2004 WL 434208 at *3 n. 1 (N.D.Ill. Feb. 18, 2004)("The Court cannot order an installment payment plan. For the plaintiff to pay defendant through an installment payment method, the plaintiff and defendant must agree that such a plan is acceptable."); *Harris v. Snead,* 73 F.3d 362, 1995 WL 739443 (6th Cir.1995) (Affirming award of costs because "the district court considered both the reasonableness of the amount of costs claimed, and the ability of Harris to pay. The amount of costs requested was supported by the record, and the district court's order sets forth a payment plan which takes into account Harris's ability to pay the costs. Moreover, the district court's order limited collection to fifty percent of funds incoming to Harris's prisoner account." (citation omitted)).

In the present case, Plaintiff has presented an affidavit from the Chapter 7 Trustee for her bankruptcy estate. The affidavit states that there are no assets in the estate. Plaintiff's own affidavit states that her gross annual income is $10,400, the balance in her checking account as of January 2004 was $1,164.53, she has two children to support, and her income allows for the payment of her monthly bills only.

■ The court finds that, although it would be difficult for Plaintiff to pay the award of costs, she has not shown that she is incapable of paying them. Plaintiff has a regular monthly income. Furthermore, her oldest child is now eighteen years old and graduated from high school in May 2004, so Plaintiff will no longer be responsible for that child's support. Additionally, the amount awarded by the Clerk is considerably less than the amount requested by Defendant. Accordingly, the court finds that the award of costs should not be waived based on Plaintiff's financial condition. *See Santiago v. Orland Park Motor Cars, Inc.,* 2004 WL 434208 (N.D.Ill. Feb. 18, 2004) ("The plaintiff is *currently* unemployed, but she has been employed in the past, and she has failed to show that she will be unable to secure employment in the future. Accordingly, the plaintiff has failed to show that she is indigent, and the defendant is entitled to an award of costs." (emphasis in original)). However, the parties may work out a plan for the payment of costs.

The court also finds that the award of costs should not be waived based on the difficulty of the case. As noted by Defendant, the trial was not unusually complex and the law was not difficult. Just because a matter is contested does not mean that it is "close and difficult."

*Waiver of Argument*

Defendant contend that Plaintiff has waived any objections that were not specifically presented in her written opposition to Defendant's bill of costs. Plaintiff did, in fact, file a timely objection to the bill of costs. The Local Rules of this court do not provide that any objection not raised is waived. Therefore, this argument is without merit. Moreover, the court has affirmed the award of costs by the Clerk which moots this argument.

*Conclusion*

In summary, Plaintiff's appeal of the Clerk's award of costs is DENIED.

IT IS SO ORDERED.