**Lawrence L. PEDIGO, Appellee,**

v.

**P.A.M. TRANSPORT, INC., Appellant.**

**American Trucking Associations, Inc., and Arkansas Motor Carriers Associations, Inc., Amici Curiae.**

No. 95–1091.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1995.

Decided July 26, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 22, 1995.

James D. Holzhauer, Chicago, IL, argued (Kenneth S. Hixon, on the brief), for appellant.

Nancy Louis Hamm, Fayetteville, AR, argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Lawrence Pedigo worked for P.A.M. Transport, Inc., as a truck driver from 1981 through mid–1991, as a driver liaison in the company office for six months, and then as a truck driver again until shortly before mid–1992, when he had a heart attack and could no longer meet the physical requirements mandated by federal regulations for truck drivers. The company did not find a position for Mr. Pedigo that did not require driving a truck and fired him about five months after his heart attack.

A year later, Mr. Pedigo sued the company in federal district court, alleging that the company's failure to find a non-driving position for him and then firing him was discrimination on the basis of disability and therefore violated the Americans with Disabilities Act. *See* 42 U.S.C. §§ 12101–12213. After a three-day trial, a jury found that the company had intentionally discriminated against Mr. Pedigo on the basis of disability but that the company would have made the same decision to fire him for legitimate, nondiscriminatory reasons. The jury then awarded approximately $62,500 in compensatory damages to Mr. Pedigo.

The company appeals, arguing that because the jury found that the company would have made the same decision for legitimate, nondiscriminatory reasons, Mr. Pedigo was not entitled to compensatory damages. The company also argues that the evidence was insufficient in several respects and that the jury instructions were flawed. We vacate the district court judgment and remand the case for further proceedings. Because our decision is based on the company's argument with regard to the award of compensatory damages, we need not address the other questions raised.

I.

The Americans with Disabilities Act forbids employers to discriminate against individuals with a disability "because of the disability of such individual[s]." *See* 42 U.S.C. § 12112(a). An employee's remedies for such discrimination are defined by Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117(a).

An employee is entitled to some relief if he or she proves that his or her disability was a "motivating factor" in the decision made, "even though other factors also motivated" the employer's decision. *See* 42 U.S.C. § 2000e–2(m). If the employer proves, however, that it would have made the same decision "in the absence of the impermissible motivating factor," *see* 42 U.S.C. § 2000e–5(g)(2)(B), the court may grant declaratory and injunctive relief and some attorney's fees and costs, *see* 42 U.S.C. § 2000e–5(g)(2)(B)(i), but not reinstatement, back pay, or damages, *see* 42 U.S.C. § 2000e–5(g)(2)(B)(ii). In other words, in a case where the employee's disability was a motivating factor in the employer's decision but the employer proves that it would have made the same decision absent consideration of the employee's disability, the remedies available are limited to a declaratory judgment, an injunction that does not include an order for reinstatement or for back pay, and some attorney's fees and costs.

Other courts have reached the same conclusion, construing parallel language in Title VII with respect to race, sex, and age discrimination. *See, e.g., Mardell v. Harleysville Life Insurance Co.,* 31 F.3d 1221, 1234 n. 22 (3d Cir.1994), *vacated for reconsideration on other grounds,* —— U.S. ——, 115 S.Ct. 1397, 131 L.Ed.2d 286 (1995) (the fact that Title VII allows declaratory and injunctive relief, plus some attorneys' fees and costs—although the employee is "entitled to no personal relief"—even if the employer proves that it had a "legitimate reason," "standing alone," for its action, reflects "the public interest in eradicating discrimination" and the "strong public policy in favor of enforcement of the anti-employment discrimination laws"), *see also id.* at 1226 n. 6, 1232, 1232 n. 19; and *Tyler v. Bethlehem Steel Corp.,* 958 F.2d 1176, 1181–82 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 82, 121

L.Ed.2d 46 (1992) (under Title VII, the court may still grant declaratory or injunctive relief, plus some attorneys' fees and costs, even though it may not award any damages, if the employer proves that it would have taken the same action absent consideration of the impermissible factor). *See also Washington v. Garrett*, 10 F.3d 1421, 1432 n. 15 (9th Cir. 1993) (when an employer can establish that it would have taken the same action absent consideration of the impermissible factor, the court is "limited in the types of relief it may order").

We find the meaning of the relevant provisions of Title VII to be clear and unambiguous. Under these circumstances, we need not consider the legislative history of those provisions. *See, e.g., Tillwick v. Sears, Roebuck, and Co.*, 963 F.2d 1097, 1100 (8th Cir. 1992). We note, however, that, in any event, the trial court in this case used the wrong legislative history for the statutes in question. That mistake was a result of incorrect citations by Mr. Pedigo's lawyer, who acknowledges that she originally cited incorrect sources for legislative history. (The mistake, because of the complex nature of the relevant materials, was an entirely natural one.)

Mr. Pedigo argues, however, that compensatory damages are authorized by the language of 42 U.S.C. § 1981a(a)(2), which states that, in an action under the Americans with Disabilities Act, an employee "may recover compensatory and punitive damages . . . *in addition to* any relief authorized by [Title VII]" (emphasis supplied by Mr. Pedigo). The inclusion of the phrase beginning "in addition to," without any restriction, shows, according to Mr. Pedigo, that an employee is entitled to compensatory damages as long as he or she proves that the disability was a motivating factor in the employer's decision, *i.e.*, irrespective of the employer's proof on whether it would have taken the same action without considering the employee's disability. That conclusion, Mr. Pedigo asserts, is supported by three other statutory provisions—42 U.S.C. § 1981a(b)(2) and the combination of 42 U.S.C. § 2000e–5(g)(2)(A) and 42 U.S.C. § 2000e–5(g)(2)(B)(ii).

The first of those provisions states that compensatory damages awarded "shall not include backpay, interest on backpay, or any other type of relief authorized under [Title VII]." *See* 42 U.S.C. § 1981a(b)(2). Mr. Pedigo contends that that provision is a restatement of the statute's earlier authorization of compensatory damages "in addition to" the relief authorized by Title VII. *See* 42 U.S.C. § 1981a(a)(2).

The other two of those provisions appear in the remedies portion of Title VII. The statute first provides that no order of the court "shall require the . . . reinstatement . . . of an individual as an employee, or the payment to him of any back pay, if such individual was . . . discharged for any reason other than discrimination." *See* 42 U.S.C. § 2000e–5(g)(2)(A). The very next section directs that in a case where an individual proves that his or her disability was a motivating factor in the employer's action, *see* 42 U.S.C. § 2000e–5(g)(2)(B), § 2000e–2(m), and an employer proves that it would have taken the same action absent consideration of the employee's disability, *see* 42 U.S.C. § 2000e–5(g)(2)(B), the court "shall not award damages or issue an order requiring any . . . reinstatement . . . or payment, *described in* subparagraph (A)" (emphasis supplied by Mr. Pedigo), *i.e.*, 42 U.S.C. § 2000e–5(g)(2)(A). *See* 42 U.S.C. § 2000e–5(g)(2)(B)(ii). The phrase "described in subparagraph (A)," according to Mr. Pedigo, modifies not just the prohibition against "issu[ing] an order requiring any . . . reinstatement . . . or payment," but also the prohibition against "award[ing] damages." In other words, Mr. Pedigo contends that the "damages" forbidden by 42 U.S.C. § 2000e–5(g)(2)(B)(ii) are not the compensatory damages authorized by 42 U.S.C. § 1981a(a)(2) but are, instead, the "back pay" referred to in 42 U.S.C. § 2000e–5(g)(2)(A).

We admire the tenacity and ingenuity of Mr. Pedigo's lawyer in making those arguments. We do not, however, find them to be persuasive.

In the first place, the "relief authorized by [Title VII]," *see* 42 U.S.C. § 1981a(a)(2), in the particular circumstances of a case where the employer proves that it would have taken the same action absent consideration of the employee's disability, *see* 42 U.S.C. § 2000e–

5(g)(2)(B), is specifically described as, first, "declaratory ... [and] injunctive relief ... and [some] attorney's fees and costs," *see* 42 U.S.C. § 2000e–5(g)(2)(B)(i), and, second, "*not* ... damages ... or an order requiring ... reinstatement ... or payment" (emphasis supplied), *see* 42 U.S.C. § 2000e–5(g)(2)(B)(ii). The circumstances prompting the application of 42 U.S.C. § 2000e–5(g)(2)(B) are very specifically delineated, as are the elements not only of the relief permitted but also of the relief prohibited. Construing 42 U.S.C. § 1981a(a)(2) as allowing compensatory damages in a case where the employer proves that it would have taken the same action absent consideration of the employee's disability would, it seems to us, completely destroy the point of having a specific section—*i.e.,* 42 U.S.C. § 2000e–5(g)(2)(B)—for such cases.

It is far more likely, in our view, that the language authorizing compensatory damages "in addition to any relief authorized by [Title VII]," *see* 42 U.S.C. § 1981a(a)(2), is intended to apply to the more general class of cases where the employee proves that discrimination on account of his or her disability was a motivating factor in the employer's action, *see* 42 U.S.C. § 2000e–2(m), but the employer has either no proof or insufficient proof on whether it would have taken the same action absent consideration of the employee's disability. That conclusion is further validated by the fact that, otherwise, the statement of what compensatory damages do not consist of, *see* 42 U.S.C. § 1981a(b)(2), would be redundant and therefore superfluous.

As the Supreme Court has noted, furthermore, back pay was available under the equitable relief authorized for cases under Title VII before 42 U.S.C. § 1981a(a) was ever enacted. *See Landgraf v. USI Film Products,* —— U.S. ——, ——, 114 S.Ct. 1483, 1490, 128 L.Ed.2d 229 (1994). Once 42 U.S.C. § 1981a(a) was enacted, therefore, the provision stating that compensatory damages "shall not include backpay, interest on backpay, or any other type of relief authorized under [Title VII]," *see* 42 U.S.C. § 1981a(b)(2), had to be enacted as well, in order to prevent double recovery of back

pay. *See Landgraf,* —— U.S. at ——, 114 S.Ct. at 1490.

Nor do we accept Mr. Pedigo's argument that the "damages" prohibited by 42 U.S.C. § 2000e–5(g)(2)(B)(ii) are not compensatory damages but, instead, the back pay referred to in 42 U.S.C. § 2000e–5(g)(2)(A). The awarding of back pay under cases governed by Title VII, as the Supreme Court has noted, has traditionally been considered an equitable remedy—*i.e.,* not damages—even though it is monetary in nature. *See Landgraf,* —— U.S. at ——, 114 S.Ct. at 1490. In light of that history, we think that the only reasonable construction of the "damages" language in 42 U.S.C. § 2000e–5(g)(2)(B)(ii) is as a reference to the compensatory damages authorized by 42 U.S.C. § 1981a(a)(2) for cases other than those in which the employer proves that it would have taken the same action absent consideration of the employee's disability.

## II.

 The jury awarded compensatory damages rather than any of the relief authorized, and so the company argues that the judgment must be vacated. Mr. Pedigo responds, however, that the company failed to preserve this issue for appellate review. We need not untangle the question of whether the company properly preserved this issue, fortunately, for we believe that the trial court's judgment is properly reviewable in this case even if the issue was not technically preserved. That is because the trial court committed plain error, *see, e.g., United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936) ("in the public interest," appellate court may address issues not preserved), in allowing an award of compensatory damages despite the fact that the company proved that it would have fired Mr. Pedigo even without considering his disability. *See, e.g., St. Clair v. Local Union No. 515,* 422 F.2d 128, 132 (6th Cir.1969) (plain error to give damages instruction allowing award for elements of damages not permitted in a contract case). *See also Romano v. Howarth,* 998 F.2d 101, 104–07 (2d Cir.1993) (plain error to use the wrong legal test to determine liability for excessive

force); *Ivey v. Wilson,* 832 F.2d 950, 954–55 (6th Cir.1987) (*per curiam*) (plain error to use wrong legal test to determine liability for cruel and unusual punishment); and *King v. Laborers International Union,* 443 F.2d 273, 278–79 (6th Cir.1971) (plain error to use wrong legal test to determine liability for race discrimination).

It is true that the statutes relevant to this case are somewhat complex, and parsing them is more than a little tedious. But we think that, once the effort is made, they can bear only one reasonable meaning. We also note that one of the usual reasons for declining to consider issues on appeal that were not preserved is not present in this case— *i.e.,* the fact that the trial court should have an opportunity to consider those issues first. The trial court did consider the question of the propriety of compensatory damages, both in discussion on one of the company's summary judgment motions and with respect to two post-trial motions on which the trial court ruled.

### III.

It is not clear whether the trial court would have granted declaratory and/or injunctive relief (or even if Mr. Pedigo would have requested it) if the parties and the court had been properly interpreting the statutes. (The record shows that the trial court did award some attorneys' fees and costs to Mr. Pedigo.) We therefore vacate the judgment and remand the case to the trial court for further proceedings, leaving the question of declaratory and/or injunctive relief to the parties and the trial court.

### IV.

For the reasons stated, we vacate the judgment and remand the case to the trial court.