CLAY, Circuit Judge,
concurring in part and dissenting in part.
The majority opinion fails to accomplish the original goal of this Court in choosing to hear this case en banc — which was to bring this Circuit into accord with the prevailing legal opinion on the issue addressed by the en banc Court. The majority continues to leave the Sixth Circuit opposed to the multiplicity of other circuits on the issue of the standard of causation required to prove discrimination under the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. §§ 12101-12213. It also fails to critically examine the relationship between Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the ADA in interpreting the ADA’s language. For these reasons, I respectfully dissent.
An unanimous Sixth Circuit agrees that the “sole-cause” standard is inappropriate for determining causation under the ADA, but we are inexplicably divided by the task of determining which standard of causation to place in its stead. We look to the plain language of the ADA to discern whether it guides our decision. The ADA prohibits discrimination “against a qualified individual with a disability because of the disability.” 42 U.S.C. § 12112(a).[1] Its causation language uses the phrase “because of,” which is not determinative as to whether a “but-for,” “motivating-factor,” or other standard applies. Instead of viewing the statute singly, we must consider the broader purposes of the statute and its relationship to other civil rights statutes to determine the congressional intent as to the meaning of this phrase.
It is unnecessary to resort to a lengthy explanation of the legislative history of the ADA and other civil rights statutes or an extended statutory construction analysis, because the authority setting forth the application of Title VII to the ADA is clear and forthright. Simply put, the ADA was enacted to expand the protection against discrimination beyond that afforded by Title VII, in order to provide the same remedies offered to individuals discriminated against on the basis of race, color, religion, sex, and national origin to those discriminated against on the basis of their disabilities. See 42 U.S.C. § 12101. The ADA explicitly cross-references and adopts Title VU’s enforcement section, including “powers, remedies, and procedures.” 42 U.S.C. § 12117(a) (“The powers, remedies, and procedures set forth in sections 2000e^l, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures [of] this subchapter.... ”). Title VII’s remedies thus apply to the ADA with equal force and validity; this includes the changing interpretation of Title VII and any amendments made thereto. As noted by the House of Representatives Report on the ADA, “[b]eeause of the cross-reference to title VII” in the ADA, “any amendment to Title VII that may be made” with respect to Title VII’s powers, remedies, and procedures “would be fully applicable to the ADA.” H.R. Rep. No. 101 — 485, pt. 3, at 48 (1990), 1990 U.S.C.C.A.N. 445 at 471. In other words, “[b]y retaining the cross-reference to Title VII, the Committee’s intent is that the remedies of Title VII, currently and as amended in the future, will be applicable to persons with disabilities.” Id. “Thus, if the powers, remedies, and procedures change in title VII of the 1964 Act, they will change identically under the ADA for persons with disabilities.” Id. The fact *323 that Title VII employs the motivating-factor standard of causation informs us that the meaning of the ADA’s “because of’ language should correspondingly be interpreted to invoke the motivating-factor standard. 42 U.S.C. § 2000e-2(m).
The shortcomings of the “but-for” standard employed by the majority become clear when one considers, in this context, how the “but-for” concept is narrowly circumscribed by its own definition. “But-for cause,” also referred to as “actual cause” or “cause in fact,” means “[t]he cause without which the event could not have occurred.” Black’s Law Dictionary 212 (7th ed.1999). It is “[t]he doctrine that causation exists only when the result would not have occurred without the [relevant] conduct.” Id. at 192-93. In other words, but-for cause means that the relevant factor was necessary for the consummation of an event. As the Supreme Court has described it, “[b]ut-for causation is a hypothetical construct.” Price Waterhouse v. Hopkins, 490 U.S. 228, 240, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). “In determining whether a particular factor was a but-for cause of a given event, we begin by assuming that that factor was present at the time of the event, and then ask whether, even if that factor had been absent, the event nevertheless would have transpired in the same way.” Id.
A motivating-factor standard, which is in accord with the requirements of the ADA, requires a plaintiff to show that her protected trait, disability in this case, was one of the considerations that the defendant took into account when taking action against the plaintiff. See id. at 250, 109 S.Ct. 1775. A but-for standard requires proof that even if that consideration was absent, the adverse action “nevertheless would have transpired in the same way.” Id. at 240, 109 S.Ct. 1775 (but distinguishing the but-for standard from a sole-cause standard). While the but-for standard may lessen the burden on plaintiffs seeking to prove disability-based discrimination when compared with the sole-cause standard, it barely does so. Thus, a but-for standard suggests the availability of a much more limited basis for recovery by a plaintiff than would be indicated by the motivating-factor standard, which is more compatible with the remedial goals and objectives of Title VII. See id. at 240-42, 109 S.Ct. 1775.
For example, imagine that a disabled plaintiff seeks remedy under the ADA following the termination of her employment, which she believes was on the basis of her disability. The plaintiff admits evidence that the employer wished to terminate her because the employer believed her disability was troublesome to its business; but the employer admits other evidence that the plaintiffs work was less than exemplary. Under a motivating-factor standard, the plaintiff could easily satisfy her causation burden by presenting evidence that her disability provided one of the reasons for her termination. However, under the but-for standard, the plaintiff is obligated to prove that without the disability, her allegedly poor performance would not have been enough to motivate her employer to terminate her. In practice, a plaintiff will rarely discover objective evidence of her employer’s state of mind or internal motivations that would satisfy this extremely heavy burden. The plaintiff must instead resort to conjectural inquiry of the employer’s thoughts and purposes, which the employer can simply and succinctly reject by offering a myriad of other subjective reasons for her termination. As the Supreme Court stated in Price Waterhouse, it is contrary to “our common sense” that “Congress meant to obligate a plaintiff to identify the precise causal role played by legitimate and illegitimate motivations in the employment decision she challenges.” *324 Id. at 241, 109 S.Ct. 1775; see also Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 191, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009) (Breyer, J., dissenting) (“[T]o apply ‘but-for’ causation is to engage in a hypothetical inquiry about what would have happened if the employer’s thoughts and other circumstances had been different. The answer to this hypothetical inquiry will often be far from obvious, and, since the employee likely knows less than does the employer about what the employer was thinking at the time, the employer will often be in a stronger position than the employee to provide the answer.”). When taking into account the purpose of the ADA to ameliorate discrimination against people with disabilities and its relationship to other civil rights statutes, it becomes clear that the less burdensome motivating-factor standard of causation should apply.
The majority relies on the Supreme Court’s recent decision in Gross, which held that claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634, are governed by the but-for standard and not the motivating-factor standard, as conclusive support for the proposition that the but-for standard must apply to ADA claims as well. See Serwatka v. Rockwell Automation, Inc., 591 F.3d 957, 961-62 (7th Cir.2010) (applying the but-for standard to the ADA after Gross). But see Bolmer v. Oliveira, 594 F.3d 134, 148—49 (2d Cir.2010) (declining to decide whether Gross also applies in the ADA context); Crouch v. J.C. Penney Corp., Inc., 337 Fed.Appx. 399, 402 n. 1 (5th Cir.2009) (per curiam) (same). However, Gross is inapplicable to our analysis of the appropriate standard of causation under the ADA because Gross examined the issue in the context of the ADEA, which involves discrimination under a different analytical rubric. See Hunter v. Valley View Local Sch., 579 F.3d 688, 691 (6th Cir.2009) (analyzing the applicability of Gross to claims under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601, and concluding that the FMLA remains governed by the motivating-factor standard of Title VII). As the Gross Court itself notes, “[wjhen conducting statutory interpretation, we ‘must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination.’ ” 557 U.S. at 174, 129 S.Ct. 2343 (citing Fed. Express Corp. v. Holowecki, 552 U.S. 389, 393, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008)). Because the ADA is explicitly tied to Title VII’s remedies provisions — unlike the ADEA — a careful examination of the two statutes makes clear that a plaintiff alleging discrimination under the ADA must only prove that the discrimination was a motivating factor for the adverse action.
Significantly, a majority of our sister circuits have embraced the motivating-factor standard in reviewing ADA claims. See Pinkerton v. Spellings, 529 F.3d 513, 519 (5th Cir.2008) (per curiam) (“Under a plain reading of the statute, and in accord with the position of other circuits, ... [t]he proper causation standard under the ADA is a ‘motivating factor’ test.”); Head v. Glacier Nw., Inc., 413 F.3d 1053, 1064-65 (9th Cir.2005) (deciding that the ADA’s phrase “ ‘because of conveys the idea of a factor that made a difference in the outcome” (citation omitted)); Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187 (3d Cir.2003) (invoking a pretext and mixed-motives theory, which requires proof that disability was a “substantial motivating factor” in the adverse action); Parker v. Columbia Pictures Indus., 204 F.3d 326, 337 (2d Cir.2000) (holding that the motivating factor standard “is consistent with the broad purpose of the ADA”); Baird v. Rose, 192 F.3d 462, 470 (4th Cir.1999); McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1077 (11th Cir.1996) *325 (holding that “motivating factor” and “but for” constitute the same standard); Katz v. City Metal Co., 87 F.3d 26, 33 (1st Cir. 1996); Pedigo v. P.A.M. Transp., Inc., 60 F.3d 1300, 1301 (8th Cir.1995). The Sixth Circuit should join this consensus.
Moreover, as we were recently reminded with Congress’ amendments to Title VII, it is important that courts not pare down the rights afforded to individuals by the legislature or act as lawmakers. Indeed, Congress glaringly proclaimed in amending Title VII with the Civil Rights Act of 1991 that its statutory amendments had two purposes: “The first is to respond to recent Supreme Court decisions by restoring the civil rights protections that were dramatically limited by those decisions. The second is to strengthen existing protections and remedies available under federal civil rights laws.... ” H.R.Rep. No. 102-40, pt. 2, 1 (1991), 1991 U.S.C.C.A.N. 694 at 694. Justice Stevens gave recognition to this fact in Gross by reiterating that, “[a]s part of its response to ‘a number of recent decisions by the United States Supreme Court that sharply cut back on the scope and effectiveness of [civil rights] laws,’ ... Congress eliminated the affirmative defense to liability that Price Waterhouse had furnished employers and provided instead that an employer’s same-decision showing would limit only a plaintiffs remedies.” 557 U.S. at 185, 129 S.Ct. 2343 (Stevens, J., dissenting) (citing H.R.Rep. No. 102-40, pt. 2, 2, 1991 U.S.C.C.A.N. 694 at 694-95).
Employing a but-for causation standard for ADA claims imposes a burden upon individuals in seeking to vindicate disability-based discrimination that is greater than the burden intended by Congress. Because neither Congress — nor the Supreme Court — has expressly diminished individuals’ rights under the ADA, it is inappropriate for our Circuit to do so without such a mandate. See, e.g., Borgmann, Caitlin E., Rethinking Judicial Deference to Legislative Fact-Finding, 84 Ind. L.J. 1, 38 (2009) (“[W]here Congress or a state legislature seeks to create or protect, rather than curtail, individual rights, there is less compelling justification for the courts to intercede.”). Although we have made one stride forward in eliminating the more burdensome sole-cause standard, the majority has taken us a step back in continuing to place an additional indefensible onus on plaintiffs in proving their ADA claims that was not prescribed by Congress.
I decline to join the majority opinion due to its failure to bring our Circuit into consensus with the generally-agreed upon correct standard of adjudicating discrimination claims in the ADA context. The majority’s failure to properly acknowledge Congress’ intention that the ADA be interpreted in accordance with the motivating-factor standard employed in the Title VII context leaves us with the but-for standard, which is only marginally more efficacious than the sole cause standard that has now been entirely repudiated by this Circuit.

. Citations to the ADA correspond to the pre-2008 statute.