REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1799

September Term, 2013

GIANT OF MARYLAND, LLC, ET AL

v.

JULIA M. TAYLOR

Eyler, Deborah S.,
Hotten,
Friedman,

JJ.

Opinion by Eyler, Deborah S., J.

Filed: February 2, 2015

Giant of Maryland, LLC ("Giant"), and Travelers Casualty and Surety Company of America ("Travelers"), the appellants, challenge a judgment of the Circuit Court for Prince George's County entered on a supersedeas bond ("the Bond") in favor of Julia Taylor, the appellee. We shall reverse the judgment.

## FACTS AND PROCEEDINGS

On February 27, 2004, Taylor sued Giant, her then employer, under Md. Code (1957, 2003 Repl. Vol.), Article 49B (now codified at Title 20 of the State Government Article), alleging racial and gender discrimination and retaliation for filing a charge of discrimination, all in violation of certain provisions of the Prince George's County Code. Taylor's claims were tried to a jury in January 2007. On January 18, 2007, the jury returned a special verdict finding in Taylor's favor on the gender discrimination and retaliation claims, and against her on the racial discrimination claim. It awarded her $644,750 in compensatory damages. Judgment was entered by the court in that amount ("the Merits Judgment").

Taylor filed a motion for prevailing party attorneys' fees, pursuant to section 42(c) of Article 49B. Before the motion was ruled upon, Giant noted a timely appeal from the Merits Judgment ("the Merits Appeal"). Thereafter, the circuit court held a hearing, found that Taylor was a prevailing party, and, on July 26, 2007, entered an order awarding her $544,925 in prevailing party attorneys' fees and costs, which it reduced to a judgment in her favor ("the Fee Judgment").

On August 8, 2007, in anticipation of noting an appeal from the Fee Judgment, Giant filed a motion for approval of the Bond in the amount of $626,633.75.[1] As relevant here, the Bond states:

> WHEREAS, <u>GIANT</u>[] has appealed to the Court of Special Appeals of the State of <u>MARYLAND</u> from a judgment entered on <u>July 26, 2007</u> in the <u>CIRCUIT COURT</u> in and for <u>PRINCE GEORGE'S</u> county.
>
> NOW, THEREFORE, the condition of this obligation is such that if GIANT[] shall diligently prosecute its appeal to a decision, and shall promptly perform and satisfy the judgment of the Court of Special Appeals, this obligation will be void, otherwise to remain in full force and effect.

(Emphasis in original.)

On August 29, 2007, 34 days after entry of the Fee Judgment, Giant noted an appeal ("the Fee Appeal"). Taylor moved to dismiss the Fee Appeal as untimely. The Merits Appeal and the Fee Appeal were docketed separately in this Court.

On September 30, 2009, this Court filed a reported opinion in the Merits Appeal, reversing the Merits Judgment on the ground that the evidence was legally insufficient to support the verdict. *Giant of Md., LLC v. Taylor*, 188 Md. App. 1 (2009) ("*Taylor I*"). Then, on November 2, 2009, we filed an unreported opinion in the Fee Appeal vacating the Fee Judgment. *Giant of Md., LLC v. Taylor*, Slip Op., No. 1356, Sept. Term 2007 (filed Nov. 2, 2009). We denied Taylor's motion to dismiss the Fee Appeal, concluding that, because the Fee Judgment did not satisfy the separate document requirement of Rule 2-601(a), the Fee

_____

[1] The Bond was approved and filed with the circuit court over a year later, on August 8, 2008.

Appeal actually had been filed too early, not too late, and, in any event, we had jurisdiction over the Fee Appeal by virtue of our jurisdiction over the related Merits Appeal. We did not address Giant's contentions of error, all of which concerned the amount of the Fee Judgment. Instead, we held that because Taylor had lost her status as a prevailing party, due to our reversal of the Merits Judgment, she no longer was entitled to an award of attorneys' fees.

The Court of Appeals granted *certiorari* in both appeals and consolidated them for decision. On December 6, 2011, it filed its opinion in the consolidated appeals. *Taylor v. Giant of Md., LLC*, 423 Md. 628 (2011) ("*Taylor II*"). In the Merits Appeal, the Court reversed this Court's decision, holding that the evidence was legally sufficient to sustain the verdict. It remanded the Merits Appeal to this Court to address Giant's remaining contentions of error. In the Fee Appeal, the Court held that this Court lacked jurisdiction:

> Finally, we address Ms. Taylor's challenge to the Court of Special Appeals's reversal of the trial court's award of attorney's fees to her, which was brought to us by a second petition for certiorari. She argues that the intermediate appellate court lacked jurisdiction to consider Giant's untimely filed appeal, which was filed more than 30 days after the trial court issued and entered its order granting her motion for attorney's fees, and thus was untimely filed under Rule 8-602. We agree, for it is axiomatic that "a party in the trial court must file a timely notice of appeal, from an appealable judgment, in order to confer upon an appellate court subject matter jurisdiction over that party's appeal."

*Taylor II*, at 665 (footnote and citation omitted).

On April 8, 2013, in accordance with the Court of Appeals opinion, this Court entered an order dismissing the Fee Appeal for lack of jurisdiction. Our mandate issued on May 8, 2013.

3

Two days later, in the circuit court, Taylor filed a "Motion for Judgment on Bond" pursuant to Rules 1-402, 1-404, and 1-405. She argued that because the Fee Appeal was dismissed there was "no longer any basis for the continued existence of a stay of [the Fee Judgment]." She asked the court to "enter an Order directing the Clerk of the Court to enter Judgment against the Bond and release the Bond in the amount of $626,633.75 issued by Travelers []." Giant opposed the motion, arguing that Taylor's status as a prevailing party, *vel non*, remained in limbo because the Merits Appeal had not yet been decided on remand to this Court. According to Giant, if this Court again were to reverse the Merits Judgment, Taylor would not be a prevailing party and therefore would not be entitled to collect on the Bond. On that basis, it urged the circuit court to deny Taylor's motion for judgment on the Bond.

On August 8, 2013, the circuit court entered an order holding Taylor's motion for judgment on the Bond "in abeyance pending disposition [of the Merits Appeal in this Court]." Thereafter, Taylor filed a "Motion to Alter and [sic] Amend the Court's Judgment Entered on August 8, 2013." In it, she suggested that the circuit court had misapprehended the procedural posture of the case. She argued that there was no reason for the court to await the resolution of the Merits Appeal before granting judgment on the Bond because she had a right to execute on the Bond arising solely from the Fee Judgment, which was left standing after the Fee Appeal was dismissed for lack of jurisdiction. Giant opposed the motion to

4

alter or amend, maintaining that the court properly was holding the motion for judgment on the Bond in abeyance pending the resolution of the Merits Appeal.

On October 8, 2013, this Court issued an unreported opinion reversing the Merits Judgment. *Giant of Md., LLC v. Taylor*, Slip Op., No. 223, Sept. Term 2007 (filed Oct. 8, 2013) ("*Taylor III*"). We held that the trial court erred by admitting into evidence certain handwritten notes by Taylor purporting to memorialize the substance of a conversation she had had with a Giant employee during a meeting to discuss her discrimination charges; and that the error had prejudiced Giant. We remanded the case to the circuit court for further proceedings, *i.e.*, a new trial, unless the parties resolve their disputes by settlement.

On October 16, 2013, Taylor filed a "supplemental" to her motion to alter or amend the August 8, 2013 Order. She informed the circuit court that this Court had "disposed of" the Merits Appeal, attaching a copy of our unreported opinion. She argued that all appellate proceedings had been concluded and therefore the court should "vacate" its order holding the motion for judgment on the Bond in abeyance and/or grant her judgment on the Bond.

Five days later, on October 21, 2013, the circuit court signed an order granting Taylor's motion to alter or amend the August 8, 2013 Order, terminating the stay imposed by that order, granting Taylor's motion for judgment on the Bond, and directing the clerk of court to enter judgment against Travelers on the Bond in the amount of $626,633.75 ("the Bond Order"). That order was entered on October 24, 2013.

Also on October 24, 2013, Giant filed a response to Taylor's "supplemental," in which it argued that the reversal of the Merits Judgment meant that Taylor was not entitled to enforce the Fee Judgment, as she was not a prevailing party, and on that basis her motion for the judgment on the Bond should be denied. The following day, Giant moved to stay and to alter or amend the Bond Order. It reiterated its position that Taylor was not a prevailing party entitled to attorneys' fees, and therefore the court had erred in issuing the Bond Order. It also argued that the court had erred by granting Taylor's motion to alter or amend without first holding a hearing, as required by Rule 2-311(e). It requested a hearing on its motions.

On November 1, 2013, Giant filed a notice of appeal from the Bond Order; and on November 4, 2013, it filed a motion for approval of a new supersedeas bond.

On November 25, 2013, the court held a hearing and denied all of Giant's post-Bond Order motions. The court signed an order to that effect on December 3, 2013. Within 30 days, Giant and Travelers filed notices of appeal. The court's order was not entered until January 13, 2014, however. Thereafter, Giant and Travelers each filed supplemental notices of appeal.[2]

---

[2]The parties do not dispute that the Bond Order is appealable. We agree. Pursuant to Rule 1-404, upon the filing of a bond with a court, the surety on the bond "submits to the jurisdiction of the court." As a result, "[t]he liability of the surety may be enforced on motion *without the necessity of an independent action*." Md. Rule 1-404 (emphasis added).

Travelers submitted to the jurisdiction of the circuit court when Giant filed the Bond. Taylor was entitled to move for judgment on the Bond within her discrimination case or to file an independent action on the Bond. She chose to file a motion within her existing case. Even though there presently is no final judgment resolving Taylor's discrimination claims,

(continued...)

In the meantime, Taylor moved for reconsideration of our opinion in *Taylor III*. On

September 11, 2014, this Court filed an amended opinion in *Taylor III*, which addressed the

issues Taylor raised on motion for reconsideration but did not change the holding or outcome

of the appeal. On October 1, 2014, Taylor filed a petition for writ of *certiorari* with the

Court of Appeals. That petition was denied on December 22, 2014. So the posture of *Taylor*

*III* remains that the Merits Judgment has been reversed and the case has been remanded to

the Circuit Court for Prince George's County for further proceedings.

In this appeal, Giant presents two questions for review and Travelers presents three

questions for review. We have combined, reordered, and rephrased the questions as follows:

I.       Did the circuit court err by granting judgment on the Bond in favor of
Taylor even though she had not prevailed on any of her claims at that
time, and still has not prevailed on any of her claims?

II.      Did the circuit court err by granting judgment on the Bond without first
holding a hearing and giving notice to Travelers?

Taylor has moved to dismiss the appeal.

We shall include additional facts in our discussion of the issues.

## MOTION TO DISMISS

Taylor has moved to dismiss this appeal as moot and as barred by the doctrines of *res*

*judicata* and collateral estoppel. She maintains that the issues Giant and Travelers are

___

[2](...continued)
the Bond Order finally resolved the Bond action within this case in Taylor's favor, and to
Travelers's and Giant's detriment, and is properly before this Court.

7

pursuing on appeal were considered and decided (and rejected) in the Fee Appeal. Giant and Travelers respond that the central issue in this appeal was neither considered nor decided by this Court or the Court of Appeals in the Fee Appeal. That central issue is whether a party who prevailed at trial and was awarded prevailing party attorneys' fees as a result, but who is no longer a prevailing party because her victory at trial was reversed on appeal, nevertheless may collect on the award of prevailing party attorneys' fees.

In the Fee Appeal, Giant challenged the amount of the Fee Judgment on several grounds, including that it was excessive and was not supported by competent evidence of the reasonableness of her counsel's hourly rate and of the fees she was claiming as they related to the work performed. Giant did not contend in the Fee Appeal that Taylor was not a prevailing party and therefore was not entitled to an award of fees. (Indeed, she was a prevailing party when the Fee Judgment was granted.) Neither this Court nor the Court of Appeals reached any of the issues that Giant raised in the Fee Appeal. Ultimately, the Court of Appeals held that this Court did not have appellate jurisdiction over the Fee Appeal, and directed us to dismiss the appeal, which we did.

On November 6, 2013, after we filed our opinion in *Taylor III*, reversing the Merits Judgment, and after the Bond Order was entered, we entered an Order addressing a motion Giant previously had filed to recover bond premiums. That motion had been held in abeyance, pending the outcome of *Taylor II* in the Court of Appeals. In the Merits Appeal, we continued to hold the motion in abeyance, because Taylor was planning to file a petition

8

for *certiorari* from our decision in *Taylor III*. In the Fee Appeal, we denied the motion, explaining that the appeal had been "fully and finally decided" and the Fee Judgment is "not subject to any further appeal." Therefore, "no matter the ultimate outcome of the [Merits Appeal], Taylor's award of fees and costs cannot be challenged on appeal."

Giant filed a "motion for clarification" of the November 6, 2013 Order. On August 25, 2014, we denied the motion for clarification, explaining that our November 6, 2013 Order did not need any clarification:

> It plainly states what is evident from the procedural posture and resolution of the appeals in this case. A judgment was entered against Giant for fees. Giant challenged the judgment on appeal. Its challenge was not timely, however, and therefore, as the Court of Appeals held, this Court lacked jurisdiction to take any action with respect to that judgment.

Taylor now argues that our April 8, 2013 Order dismissing the Fee Appeal, coupled with our November 6, 2013 and August 25, 2014 Orders, make pellucid that this Court already has decided and rejected the arguments Giant now raises on appeal, and that the Fee Judgment is not subject to any further challenge and therefore may be enforced through the Bond. Taylor maintains that this is the case even though she is not presently a prevailing party, and even if she never again becomes a prevailing party.

> The doctrine of claim preclusion, or *res judicata*, "bars the relitigation of a claim if there is a final judgment in a previous litigation where the parties, the subject matter and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have been raised in the previous litigation."

9

*R & D 2001, LLC v. Rice*, 402 Md. 648, 663 (2008) (quoting *Board of Ed. v. Norville*, 390 Md. 93, 106 (2005)). The related doctrine of collateral estoppel "looks to issues of fact or law that were actually decided in an earlier action, whether or not on the same claim." *Id*.

As we have explained, although this Court's opinion vacating the Fee Judgment in the Fee Appeal was premised on Taylor's no longer being a prevailing party, the Court of Appeals reversed, concluding that the notice of appeal from the Fee Judgment was not timely and therefore this Court lacked jurisdiction over the Fee Appeal. The Court of Appeals decision did not address this Court's holding that Taylor no longer was entitled to an award of fees. (Indeed, given that Taylor *was* a prevailing party when Giant noted its untimely Fee Appeal, the issue of her entitlement to attorneys' fees, should the Merits Judgment be reversed, was not one that "could or should have been raised" by Giant in its Fee Appeal.) The holding of the Court of Appeals in the Fee Appeal was that this Court did not have jurisdiction to decide any issue related to the Fee Judgment, because we lacked jurisdiction.

This Court also did not decide the issue now before us when we entered our order denying Giant's motion to recover its bond premiums in the Fee Appeal or when we denied Giant's motion for clarification of that order. Those orders were directed only to the issue of Giant's entitlement to recover premiums paid on the Bond in a case dismissed for lack of jurisdiction. As we explained, because the Fee Appeal had been dismissed, Giant could not file a new appeal challenging the amount of the Fee Judgment. We did not determine, nor could we at that stage of the proceedings, whether Taylor ultimately would be entitled to

10

*enforce* the Fee Judgment against Giant if she did not ultimately prevail on any of her claims. Because the effect of a reversal of the Merits Judgment on Taylor's entitlement to the Fee Judgment has not been previously litigated or decided, this appeal is not barred.

The appeal also is not subject to dismissal for mootness. "A case is moot when there is no longer an existing controversy when the case comes before the Court or when there is no longer an effective remedy the Court could grant." *Suter v. Stuckey*, 402 Md. 211, 219 (2007). There plainly is a live controversy over Taylor's right to execute against the Bond. There also is a remedy this Court could grant, which is to reverse the Bond Order.

For these reasons, Taylor's motion to dismiss is denied.

## DISCUSSION

## I.

Giant contends the circuit court erred by granting judgment in favor of Taylor on the Bond because Taylor is not now and "may never be" a prevailing party. It asserts that our decision in *Taylor III* deprived Taylor of prevailing party status. The effect of that decision was to nullify the Merits Judgment and render the Fee Judgment that was conditioned upon it unenforceable. Giant maintains that the only circumstance under which Taylor could execute on the Bond would be if the Merits Judgment is revived by the Court of Appeals. Giant made that argument when the petition for *certiorari* was pending in *Taylor III*. That petition has since been denied, and therefore the Merits Judgment cannot and will not be revived. The case is being remanded to the circuit court for further proceedings. If there is

11

a retrial and Taylor prevails, she will be a prevailing party and the court may award her prevailing party attorneys' fees. Obviously, if she does not prevail, she will not be a prevailing party and will not be entitled to such fees.

Travelers makes the related argument that because of the reversal of the Merits Judgment, Giant, its principal, has no liability to Taylor, the obligee. Travelers maintains that because it is a condition of the Bond that Giant be obligated to satisfy the Fee Judgment, it has no obligation to perform on the Bond at this time. Travelers further argues that the reversal of the Merits Judgment also had the effect of making the Fee Judgment a non-final order that is not subject to enforcement until a final judgment is entered that resolves Taylor's discrimination claims. Finally, Travelers posits that the Fee Judgment never was a final judgment because it failed to satisfy the separate document rule.[3]

Taylor counters that, by virtue of the dismissal of the Fee Appeal, the Fee Judgment became "final and enrolled." Therefore, Giant is presently obligated to satisfy that judgment and Travelers's obligation on the Bond has been triggered. She emphasizes that the Bond does not contain language that requires Taylor to prevail in the Merits Appeal for Travelers to be obligated on the Bond. She argues, moreover, that this Court already has ruled that she does not have to prevail in the Merits Appeal to be entitled to collect on the Fee Judgment and, in any event, she still is a prevailing party because she prevailed on four "significant

---

[3] *See Hiob v. Progressive Am. Ins. Co.*, ___ Md. ___, Slip. Op., No. 4, Sept. Term 2014 (filed Nov. 20, 2014) (discussing the history and meaning of the separate document rule).

12

issues" before the Court of Appeals in *Taylor II*. Alternatively, Taylor asserts that Travelers's contentions of error are barred by the doctrine of laches and that Giant and Travelers are estopped to argue that the Fee Judgment is not final because that argument is inconsistent with their prior position that the Fee Judgment was final and appealable.

"Maryland generally adheres to the common law, or American rule, that each party to a case is responsible for the fees of its own attorneys, regardless of the outcome." *Friolo v. Frankel*, 403 Md. 443, 456 (2008). In this case, any opportunity for Taylor to recover attorneys' fees is statutory, arising from the fee-shifting provision then in Article 49B, section 42(c), and now at SG section 20-1202(d).[4] That statute stated that, "in a civil action under this section, the court may award *the prevailing party* reasonable attorneys' fees, expert witness fees, and costs." Art. 49B, § 42(c) (emphasis added).

"A determination of prevailing party status is a question of law, which [an appellate court] review[s] *de novo*." *Md. Green Party v. State Bd. of Elections*, 165 Md. App. 113, 128 (2005). The term "prevailing party" is interpreted consistent with federal court decisions interpreting the same term in 42 U.S.C. section 1988, which is the federal statute permitting prevailing party attorneys' fees in cases brought to "vindicate civil rights" under federal civil rights statutes. *See* Art. 49B, § 41 (stating that the term "prevailing party" has the meaning "stated in" 42 U.S.C. § 1988); SG § 20-1201 (stating that the term "prevailing party" has the

[4]The Revisor's Note to SG section 20-1202 states that it is "new language derived without substantive change from former Art. 49B, §§ 42 and 40(a)."

13

meaning "as judicially determined under 42 U.S.C. § 1988"). A party is "a prevailing party, and thus eligible to seek a fee . . . if the plaintiff succeeds on any significant issue that achieves some of the benefit sought in bringing the action." *Friolo v. Frankel*, 373 Md. 501, 523 (2003).

Giant and Travelers both assert that it is clear that when this Court reversed the Merits Judgment and remanded the case for further proceedings in *Taylor III*, Taylor lost her status as a prevailing party. Taylor disagrees, arguing that under *Armstrong v. Mayor and City Council of Baltimore*, 409 Md. 648 (2009), she remains a "prevailing party" because she prevailed on a number of legal issues before the Court of Appeals in *Taylor II*. *Armstrong* was decided under the attorneys' fee provision of the Open Meetings Act, however, and its reasoning, which is expressly grounded in the legislative history and purpose of that Act, has no bearing on the meaning of "prevailing party" in a discrimination suit.

Even if *Armstrong* were relevant, it plainly is distinguishable. In *Armstrong*, the Court of Appeals held that a party can "prevail," within the meaning of the Open Meetings Act, if she proves a violation of the Act, irrespective of whether she obtains any other relief. Unlike the plaintiff in that case, Taylor has not prevailed in any respect in her discrimination suit. The decision of the Third Circuit Court of Appeals in *Swietlowich v. Bucks County*, 620 F.2d 33 (3rd Cir. 1980) (*per curium*), is instructive.

In *Swietlowich,* after the Third Circuit vacated a merits judgment in favor of a plaintiff in a civil rights suit, due to an erroneous jury instruction, and remanded the case to the

14

district court for further proceedings, the plaintiff filed a petition in the Third Circuit seeking attorneys' fees on appeal. The Third Circuit held that, at that point in time, the plaintiff was not a prevailing party and therefore was not eligible to recover attorneys' fees. It explained that in light of the vacation of the merits judgment in her favor, the plaintiff was "no closer to a verdict in her favor than she was before the first trial began." *Id*. at 34.

Similarly, the reversal of the Merits Judgment in *Taylor III* has put Taylor in the same position she would be in if the Merits Judgment in her favor never had been entered. *See Carpenter Realty Corp. v. Imbesi*, 369 Md. 549, 562 (2002) ("the effect of a general and unqualified reversal of a judgment, order or decree is to nullify it completely and to leave the case standing as if such judgment, order or decree had never been rendered") (citation omitted). Having achieved no success at this time, she is not a prevailing party as a matter of law.

We now turn to the question whether Giant waived its right to challenge the Fee Judgment by failing to note a timely appeal from it and, therefore, notwithstanding that Taylor is no longer a prevailing party due to the reversal of the Merits Judgment, she is entitled to enforce the Fee Judgment. It is plain under Maryland law and under the parallel federal jurisprudence that, had Giant timely appealed the Fee Judgment, that judgment would have been subject to vacation upon the reversal of the Merits Judgment. *See, e.g.*, *Briscoe v. Prince George's County Health Dep't*, 323 Md. 439, 455 n.9 (1991) (vacating an award of attorneys' fees because the reversal of the plaintiffs' judgment on the merits means that

they no longer are "prevailing part[ies]" entitled to an award of attorneys' fees); *Globe Newspaper Co. v. Beacon Hill Architectural Comm'n*, 100 F.3d 175, 195 (1st Cir. 1996) ("As a judgment in favor of the Newspapers is reversed on the merits, that party is no longer a "prevailing party" under 42 U.S.C. section 1988 and, thus, no longer entitled to attorney's fees under that statute."); *Palmer v. City of Chicago*, 806 F.2d 1316, 1320 (7th Cir. 1986) ("when a judgment on which an award of attorney's fees to the prevailing party is based is reversed, the award, of course, falls with it").

There are no Maryland appellate decisions addressing whether a collateral order awarding prevailing party attorneys' fees that is reduced to judgment and is not challenged on appeal by the party against whom the judgment is entered may be enforced when the underlying merits judgment giving rise to the judgment for fees has been reversed. Two federal courts of appeal have held that an award of prevailing party attorneys' fees necessarily is nullified by a reversal of the merits judgment, even if the fee award was not appealed.

In *Pedigo v. P.A.M. Transport, Inc.*, 98 F.3d 396 (8th Cir. 1996), a plaintiff prevailed in a jury trial on a discrimination claim against his employer under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 - 12213. The employer noted an appeal from the merits judgment. While the appeal was pending, the district court awarded the plaintiff $30,000 in prevailing party attorneys' fees. No appeal was taken from that order.

16

The Eighth Circuit Court of Appeals vacated the merits judgment "because the jury instructions improperly permitted recovery of compensatory damages in a mixed-motive case." *Id*. at 397. *See Pedigo v. P.A.M. Transport, Inc.*, 60 F.3d 1300 (8th Cir.1995) (vacating the merits judgment in favor of the plaintiff). On remand, the district court held a hearing and ruled that the plaintiff was entitled to a declaratory judgment that the employer had intentionally violated the ADA, but was not entitled to any further relief. The plaintiff then petitioned for an additional award of attorneys' fees. The district court decided not to award any additional attorneys' fees, beyond the $30,000 it already had awarded, because, although in its view, the plaintiff still was a prevailing party, he had "suffered a setback on appeal." *Id*. The plaintiff noted an appeal from the judgment denying him additional attorneys' fees and the employer noted a cross-appeal, challenging the judgment to the "extent that it confirm[ed] the prior award of $30,000 in fees." *Id*. The employer took the position that the plaintiff no longer was a prevailing party, and was not eligible to recover any attorneys' fees.

The Eighth Circuit agreed with the employer. It held that the plaintiff was not a prevailing party in any respect because he "ha[d] no *enforceable* judgment, even of a nominal character, that affect[ed] the behavior of the [employer] toward [him]." *Id*. at 398. (emphasis added). The court opined:

> Although plaintiff had been awarded $30,000 in fees before we vacated the jury verdict, the prior award cannot stand in light of our holding that plaintiff is not a prevailing party. ***In general, reversal of a judgment nullifies not only that judgment but any order based upon it.*** *Harris v. Pirch*, 677 F.2d 681, 689

17

(8th Cir.1982). In particular, an order awarding attorney's fees based on a party having prevailed in a trial court cannot survive the reversal of that party's judgment on appeal. *See id.*; *see also Clark v. Township of Falls*, 890 F.2d 625, 626–27 (3d Cir.1989); *Swietlowich v. County of Bucks*, 620 F.2d 33, 34–35 (3d Cir.1980) (*per curiam*). [The plaintiff] ceased to be a prevailing party when his judgment was vacated and the case was remanded, and he never subsequently prevailed in this suit in such a way as would allow the district court to hold that he was a prevailing party on the merits. Plaintiff is thus not entitled to recover any attorney's fees.

*Id.* (emphasis added).

The Fourth Circuit Court of Appeals reached the same conclusion in *Ladnier v. Murray*, 769 F.2d 195 (4th Cir. 1985). In that case, the plaintiff sued a Maryland police officer under 42 U.S.C. section 1983, for violations of his civil rights, and also for various common law torts. The case was tried to a jury, which returned a special verdict finding, as relevant here, that the police officer had used force upon the plaintiff that was disproportionate and shocking to the conscience, that the plaintiff had been injured as a result, but that the police officer had not acted maliciously or with evil purpose. Based upon these findings, the court entered judgment in favor of the plaintiff on his section 1983 claim and against him on his common law tort claim for assault. Both parties appealed.

While the appeal was pending, the district court awarded the plaintiff prevailing party attorneys' fees pursuant to 42 U.S.C. section 1988. Because the amount of fees awarded was significantly less than what the plaintiff had sought, he noted an appeal from the award. The defendant did not note a cross-appeal. The plaintiff's appeal from the award of attorneys' fees was consolidated with the appeal and cross-appeal from the judgment on the merits.

18

In the consolidated appeals, the Fourth Circuit held that the special verdict findings were "irreconcilably contradictory" and reversed the judgment. *Id*. at 196. The court also vacated the award of attorneys' fees. It explained that "[b]ecause [it had] reverse[d] the underlying judgment, it [could not then] be said whether plaintiff [was] a 'prevailing' party." *Id*. Thus, the court declined to address the plaintiff's contention that the award was insufficient. It remanded the case for a new trial.

We return to the case at bar. We are persuaded by the reasoning of the Courts of Appeal in *Pedigo* and *Ladnier* that a judgment entered on a collateral order awarding prevailing party attorneys' fees is rendered null by the reversal of the merits judgment that had supported the fee award, regardless of whether the party ordered to pay those fees appealed from the award of fees. To be sure, a party may waive many rights by failing to timely appeal from an adverse judgment. For instance, in the case at bar, had the Merits Judgment been affirmed on appeal, Giant's failure to note a timely appeal from the Fee Judgment would have operated to waive any challenge to the amount of the Fee Judgment. A litigant cannot waive the statutory basis for an award of fees, however. The fee-shifting provision of Article 49B, now at SG section 20-1202(d), expressly permits the award of attorneys' fees to a "prevailing party." If a party no longer has "prevailed," because the merits judgment in her favor has been reversed on appeal, an award of attorneys' fees that was premised on the party's prevailing party status necessarily falls with the merits judgment. *See* 15B Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3915.6 at 344 (2d 1991)

19

(characterizing a hypothetical scenario in which a non-prevailing party is allowed to enforce an award of prevailing party attorneys' fees as an "unseemly spectacle").

In the instant case, Taylor is not presently a prevailing party, nor was she a prevailing party when the circuit court entered judgment on the Bond. Giant is not obligated to satisfy the Fee Judgment because the statutory basis for the award of fees is not satisfied. Travelers's liability on the Bond is dependent upon the liability of its principal, Giant. *See, e.g., Atlantic Contracting & Material Co., Inc. v. Ulico Cas. Co.*, 380 Md. 285, 299-300 (2004) (a surety's liability is "coextensive with that of the principal" and, as such, a surety becomes liable if, and only if, the principal "fails to perform"). It follows that because Giant is not obligated to perform, Travelers also cannot be liable on the Bond. For all these reasons, the circuit court erred by granting judgment in favor of Taylor on the Bond.[5]

## II.

Giant and Travelers also contend the circuit court erred by granting Taylor's motion to alter or amend the August 8, 2013 order holding in abeyance her motion for judgment on the Bond without holding a hearing. They maintain that this error is an independent basis on which the judgment must be reversed. In addition, Travelers argues that the court also erred

---

[5] If Taylor prevails in a new trial, she could move for an award of fees and costs accrued from the inception of the litigation. *See Congressional Hotel Corp. v. Mervis Diamond Corp.*, 200 Md. App. 489, 508 (2011) ("the appropriateness of an award for attorneys' fees and costs incurred in multiple trials depends on whether the subsequent trial was necessitated by 'unreasonable' conduct by the prevailing party" and is reserved to the discretion of the trial court).

20

by failing to give it notice of the filing of the motion for judgment on the Bond, as required by Rule 1-404.

Taylor responds that the circuit court correctly determined that her motion to alter or amend, although captioned as such, was not actually in the nature of a motion to alter or amend and therefore did not trigger the hearing requirement of Rule 2-311(e).

The circuit court correctly determined at the November 25, 2013 hearing on Giant's post-Bond Order motions that Taylor's motion to alter or amend was not really a motion to alter or amend. The court also pointed out that its August 8, 2013 order stated that it would hold the motion for judgment on the Bond in abeyance until this Court disposed of the Merits Appeal (in *Taylor III*). Thus, once we issued our opinion in *Taylor III*, the court could rule on the motion for judgment, which it did. Neither party had requested a hearing on the motion for judgment on the Bond, so the fact that that motion was dispositive of a claim also would not have triggered the hearing requirement. Accordingly, a hearing was not required.

With respect to notice, Rule 1-404 states that if a party proceeds against a surety without filing an independent action, the motion should be "served on the clerk who shall promptly notify the surety by mailing a copy of the motion to the surety at the address provided on the bond" and that "[t[he court may [also] provide for additional notice to the surety." That did not happen in this case. The failure to give notice did not prejudice

Travelers, however. Travelers and Giant advance essentially the same arguments, and Giant was on notice of all relevant motions and opposed them.[6]

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY ENTERED ON BOND AGAINST THE APPELLANTS IS REVERSED. COSTS TO BE PAID BY THE APPELLEE.**

---

[6]Taylor asserts that this appeal was taken in bad faith and has moved for attorneys's fees as a sanction against the appellees pursuant to Rule 1-341. The motion is denied.